**Calvin PATTON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 49S00–9507–CR–892.**

Supreme Court of Indiana.

July 5, 1996.

Richard D. Gilroy, Indianapolis, for Appellant.

Pamela Carter, Attorney General of Indiana, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

Appellant Calvin Patton was convicted for killing two people during an argument at an apartment house. He appeals by claiming that the court's verdicts were inconsistent. We affirm.

The evidence at trial tended to show that Patton lived in the same building as three of his cousins, John ("Shawn") Patton, Eugene Patton, and Phillip ("Andre") Cade. On the night of December 14, 1993, appellant and

Cade began to argue over Cade's treatment of his girlfriend. Appellant went upstairs to Shawn's apartment, where he retrieved a .38 special with four bullets. He and Shawn went downstairs together, both of them armed. The argument continued downstairs in the hallway, with various relatives and visitors present. Appellant cocked the gun and shot it at Cade at least twice. The first shot hit Cade in the right hand. The second shot hit Shawn in the chest. He had been standing behind Cade. Shawn exclaimed, "You shot me, cuz," fell down, and died.

Appellant then chased Cade through the back door of the apartment building. Once outside, Cade stopped running and threw up his hands. He pleaded with Patton, "don't shoot me, we're family, don't shoot me." (R. at 303–04, 360.) Patton put his gun to Cade's chest and shot him.

 The State charged Patton with murdering both victims. Ind.Code Ann. § 35–42–1–1 (West Supp.1995). After a bench trial, the court found Patton guilty of the lesser included offense of voluntary manslaughter, as a class A felony, Ind.Code Ann. § 35–42–1–3 (West Supp.1995), in the killing of Shawn Patton. It found appellant guilty of murder as charged with respect to Cade.

 The presence of sudden heat is the element that reduces what would otherwise be murder to voluntary manslaughter. *Finch v. State,* 510 N.E.2d 673 (Ind.1987). "Sudden heat is anger, rage, resentment, or terror sufficient to obscure the reason of an ordinary man; it prevents deliberation and premeditation, excludes malice, and renders a person incapable of cool reflection." *McBroom v. State,* 530 N.E.2d 725, 728 (Ind. 1988).

Appellant asserts that it was plain that he did not intend to kill his cousin Shawn Patton and that his real anger was aimed at his cousin Cade. This being so, he says it was inconsistent for the trial court to find sudden heat with respect to killing Shawn and not with respect to killing Cade.

In finding appellant guilty, the trial court observed that the evidence revealed an anger sufficient to reduce the conviction to manslaughter in killing Shawn. This anger, of course, was directed at Cade but unfortunately found its immediate victim in Shawn. The court also found, however, that the evidence showed a "sufficient cooling off period ... to negate the idea of ... sudden heat and eliminate voluntary manslaughter as a possibility with respect to [killing Cade]." R. at 630.

 The presence or absence of sudden heat is a question to be resolved by the finder of fact. *Harrington v. State,* 516 N.E.2d 65 (Ind.1987). The evidence was such that the trial court could reasonably have found that there was not sudden heat in the killing of Cade.

Accordingly, we affirm the judgment of the trial court.

DeBRULER, DICKSON, SULLIVAN and SELBY, JJ., concur.