ATTORNEY FOR APPELLANT
Matthew Jon McGovern
Evansville, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

FILED
Apr 08 2010, 2:34 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 82S01-0907-CR-307

SHEWANDA BEATTIE,                                        *Appellant (Defendant below),*

v.

STATE OF INDIANA,                                        *Appellee (Plaintiff below).*

Appeal from the Vanderburgh Circuit Court, No. 82C01-0705-FB-490
The Honorable David D. Kiely, Judge

On Transfer from the Indiana Court of Appeals, No. 82A01-0805-CR-247

**April 8, 2010**

**Dickson, Justice.**

When a jury returns logically inconsistent verdicts in the same case, must Indiana courts accept the inconsistency as insulated from judicial review, or are such verdicts subject to review and, if so, on what basis? To address variations in Indiana case law on this issue, we granted transfer. Adhering to the historically prevailing rule of Indiana jurisprudence and of the United States Supreme Court, holding that inconsistent verdicts are permissible and not subject to appellate review, we affirm the judgment of the trial court.

During the defendant's jury trial on charges of Dealing in Cocaine, Possession of Cocaine Within 1,000 Feet of a Family Housing Complex, and Possession of Marijuana, the jury was also instructed on and provided a verdict form for Possession of Cocaine as a lesser-included offense of Dealing in Cocaine. The jury returned verdicts finding the defendant not guilty of both Dealing in Cocaine and Possession of Cocaine, but guilty of Possession of Cocaine Within 1,000 Feet of a Family Housing Complex and Possession of Marijuana. The defendant appealed, presenting two claims: (1) irreconcilable verdicts and (2) erroneous admission of evidence resulting from an unconstitutional search and seizure. Rejecting the defendant's assertion of an improper search and a resulting error in admission of evidence, the Court of Appeals nevertheless reversed because "the inconsistency in the jury's verdicts leaves us unable to determine what evidence the jury believed." Beattie v. State, 903 N.E.2d 1050, 1057 (Ind. Ct. App. 2009). We granted transfer to address the appellate review of claims of inconsistent verdicts. As to the claim of evidentiary error, we summarily affirm the Court of Appeals pursuant to Indiana Appellate Rule 58(A)(2).

The defendant seeks appellate acquittal or new trial on her conviction of Possession of Cocaine Within 1,000 Feet of a Family Housing Complex, arguing that such conviction is fatally inconsistent with her acquittal on the charge of possession of the same cocaine. In support of her argument, she asserts that Indiana appellate courts review verdicts for consistency and will take corrective action when verdicts are extremely contradictory, which she alleges applies in this case.

The State principally responds that the past approach in several Indiana appellate cases reviewing claims of inconsistent verdicts has been eroded by new developments in United States Supreme Court jurisprudence holding that irreconcilable verdicts do not require appellate relief. The State argues that "merely because the jury chose not to enter two guilty verdicts for the same conduct of possessing cocaine does not require that the count on which the jury did enter a finding of guilt be reversed." Appellee's Br. at 10.

Federal jurisprudence on this issue derives primarily from two cases, Dunn v. United States, 284 U.S. 390, 52 S. Ct. 189, 76 L. Ed. 356 (1932), and United States v. Powell, 469 U.S.

2

57, 105 S. Ct. 471, 83 L. Ed. 2d 461 (1984), which addressed conflicting post-Dunn cases. In Dunn, the jury acquitted the defendant upon charges of unlawful possession of intoxicating liquor and unlawful sale of intoxicating liquor but convicted him of maintaining a common nuisance by keeping intoxicating liquor for sale at a specified place. In the last opinion authored by Justice Oliver Wendell Holmes and delivered on the day of his retirement, the Supreme Court affirmed, stating: "That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters." Dunn, 284 U.S. at 394, 52 S. Ct. at 191, 76 L. Ed. at 359. After the Dunn decision, some courts concluded that the holding prohibited the review of verdicts for consistency.[1] Other courts determined that Dunn created the "permissible inconsistent verdict rule" to which certain limited exceptions could be made.[2]

Almost fifty-three years later, the Court in Powell described Dunn as holding that "a criminal defendant convicted by a jury on one count could not attack that conviction because it was inconsistent with the jury's verdict of acquittal on another count." Powell, 469 U.S. at 58, 105 S. Ct. at 473, 83 L. Ed. 2d at 464. Acknowledging that inconsistent verdicts "present a situation where 'error,' in the sense that the jury has not followed the court's instructions, most certainly has occurred," the Court in Powell rejected as "hardly satisfactory" a policy of granting the defendant a new trial on the conviction in such situations. Id. at 65, 105 S. Ct. at 477, 83 L. Ed. 2d at 468–69. After reviewing interpretations and applications of Dunn in several other cases, the unanimous Powell Court strongly reaffirmed the rule in Dunn, insulating inconsistent jury verdicts from review.[3] It also emphasized that criminal defendants are already afforded protection against jury irrationality or error by the availability of an independent review for sufficiency

[1] *See* Harris v. Rivera, 454 U.S. 339, 102 S. Ct. 460, 70 L. Ed. 2d 530 (1981); Standefer v. United States, 447 U.S. 10, 100 S. Ct. 1999, 64 L. Ed. 2d 689 (1980).

[2] *See* United States v. Brooks, 703 F.2d 1273 (11th Cir. 1983); United States v. Morales, 677 F.2d 1 (1st Cir. 1982); United States v. Hannah, 584 F.2d 27 (3d Cir. 1978).

[3] The opinion included the following footnote: "Nothing in this opinion is intended to decide the proper resolution of a situation where a defendant is convicted of two crimes, where a guilty verdict on one count logically excludes a finding of guilt on the other. Cf. United States v. Daigle, 149 F. Supp. 409 (DC), aff'd *per curiam*, 101 U.S. App. D.C. 286, 248 F.2d 608 (1957), cert. denied, 355 U.S. 913 (1958)." Powell, 469 U.S. at 69 n.8, 105 S. Ct. at 479 n.8, 83 L. Ed. 2d at 471 n.8. A similar claim has been made in some Indiana cases in which a defendant was convicted both for murder and voluntary manslaughter. *See, e.g.* Patton v. State, 668 N.E.2d 253, 254 (Ind. 1996); Butler v. State, 647 N.E.2d 631, 636 (Ind. 1995). In each case, however, the multiple convictions did not involve the same victim, and the trial court judgments were affirmed.

of evidence. The Dunn rule was also followed in Standefer v. United States, 447 U.S. 10, 25, 100 S. Ct. 1999, 2009, 64 L. Ed. 2d 689, 701 (1980) ("While symmetry of results may be intellectually satisfying, it is not required."). It should be noted, however, that the Court in Powell grounded its decision on its "supervisory powers over the federal criminal process" and held that "nothing in the Constitution" would require the Dunn rule against reviewing inconsistent verdicts. Powell, 469 U.S. at 65, 105 S. Ct. at 477, 83 L. Ed. 2d at 469. Thus, states are not constitutionally precluded from formulating a different rule.

Almost from the time of our state's founding, Indiana courts have overwhelmingly refused to interfere with jury verdicts alleged to be inconsistent or irreconcilable. In Morris v. State, 1 Blackf. 37 (Ind. 1819), this Court held: "[I]t cannot be supposed, that where there are two charges in an indictment, that an acquittal as to one can possibly vitiate the verdict of guilty as to the other." Id. at 37. Similarly, in Flowers v. State, 221 Ind. 448, 48 N.E.2d 56 (1943), this Court rejected a claim of fatal inconsistency, quoting with agreement from Dunn that "[c]onsistency in the verdict is not necessary" and "[t]hat the verdict may have been the result of a compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters." Id. at 450, 48 N.E.2d at 57 (quoting Dunn, 284 U.S. at 393–94, 52 S. Ct. at 190–91, 76 L. Ed. at 358–59). See also Sichick v. State, 89 Ind. App. 132, 166 N.E. 14 (1929), trans. not sought. This refusal to consider claims of logically inconsistent verdicts has been the predominant thrust in almost all of the approximately eighty-six Indiana appellate decisions addressing this issue.

An abrupt deviation from this line of authority, however, occurred in Marsh v. State, 271 Ind. 454, 393 N.E.2d 757 (1979), in which the defendant claimed unlawfully inconsistent verdicts of guilty of voluntary manslaughter and not guilty by reason of insanity of assault and battery with intent to kill. Acknowledging that Flowers had not been overruled, the Marsh Court nevertheless surveyed several federal and state cases that questioned Dunn and then declared:

> We therefore conclude that the better, and *de facto*, rule is not a narrow interpretation of *Dunn v. United States*, *supra*. Rather this Court has looked and will continue to look at verdicts to determine if they are inconsistent. While perfectly log-

4

> ical verdicts should not be demanded, extremely contradictory and irreconcilable verdicts warrant corrective action by this Court.

*Id.* at 460, 393 N.E.2d at 761. In reaching this position, the Court acknowledged that it had "never [] reversed a case on the basis of inconsistent verdicts" but had previously "evinced concern over the possibility of inconsistent verdicts." *Id.* (citing Pulliam v. State, 264 Ind. 381, 345 N.E.2d 229 (1976); Livingston v. State, 257 Ind. 620, 277 N.E.2d 363 (1972); Buckner v. State, 252 Ind. 379, 248 N.E.2d 348 (1969); Evans v. State, 224 Ind. 428, 68 N.E.2d 546 (1946)). While articulating the possibility of corrective action for inconsistent verdicts, the Court affirmed the conviction, ultimately concluding that the verdicts were not logically inconsistent because the trial testimony provided "a line of reasoning which the jury could have adopted in reaching the two verdicts in this case." Marsh, 271 Ind. at 462, 393 N.E.2d at 762.

But in the thirty years since Marsh suggested that verdict correction might be possible for "extremely contradictory and irreconcilable verdicts," this approach has for the most part been either ignored or not applied. Numerous cases have continued to hold that logically inconsistent jury verdicts are permissible and have omitted any consideration or application of the "extremely contradictory and irreconcilable verdicts" evaluation criteria expressed in Marsh. *See, e.g.* Peck v. State, 563 N.E.2d 554 (Ind. 1990); Dorsey v. State, 490 N.E.2d 260 (Ind. 1986); Totten v. State, 486 N.E.2d 519 (Ind. 1985); James v. State, 472 N.E.2d 195 (Ind. 1985); Douglas v. State, 441 N.E.2d 957 (Ind. 1982); Easley v. State, 427 N.E.2d 435 (Ind. 1981); Tillman v. State, 426 N.E.2d 1149 (Ind. 1981); Hicks v. State, 426 N.E.2d 411 (Ind. 1981); Woodrum v. State, 498 N.E.2d 1318 (Ind. Ct. App. 1986), *trans. not sought*; Brinker v. State, 491 N.E.2d 223 (Ind. Ct. App. 1986), *trans. not sought*.

Other Indiana cases have mentioned the Marsh approach but have declined to grant any relief on claims of extremely contradictory and irreconcilable verdicts, declining to apply it because the challenged conviction was found to be not necessarily inconsistent under the facts of each case. *See, e.g.* Powell v. State, 769 N.E.2d 1128 (Ind. 2002); Mitchell v. State, 726 N.E.2d 1228 (Ind. 2000); Hodge v. State, 688 N.E.2d 1246 (Ind. 1997); Jackson v. State, 540 N.E.2d 1232 (Ind. 1989); Parrish v. State, 453 N.E.2d 234 (Ind. 1983); Dixon v. State, 777 N.E.2d 110

5

(Ind. Ct. App. 2002), *trans. not sought*; Nelson v. State, 664 N.E.2d 386 (Ind. Ct. App. 1996), *trans. denied*.

Until the present case, only one Indiana appellate decision has ever granted relief upon a claim that logically inconsistent verdicts were returned against a single defendant. In Owsley v. State, 769 N.E.2d 181 (Ind. Ct. App. 2002), *trans. denied*, the court noted the Marsh language permitting appellate "corrective action" when verdicts are "extremely contradictory and irreconcilable." According minimal recognition of the many ensuing opinions of this Court that did not follow Marsh, the Owsley court declared that, until this Court explicitly directs otherwise, "we are compelled to look at verdicts to determine whether they are consistent." *Id.* at 184. Acknowledging that "no Indiana case has ever reached the point of having to take such action," *id.* at 187, the Court of Appeals concluded that "[i]f the [Marsh] rule that we are to review verdicts for inconsistencies is to have any meaning, we are compelled to reverse Owsley's conspiracy conviction because of its irreconcilable inconsistency with his acquittal for possession of cocaine." *Id.* at 188. What the Owsley court appears to have discovered, however, is that it is difficult, if not impossible, to give meaning to the Marsh requirement that challenged verdicts be "extremely" contradictory and irreconcilable. The Marsh criteria in essence calls for a binary evaluation: either the challenged verdict is or is not contradictory and irreconcilable. The result in Owsley is that *any* logically contradictory verdict, not just those that are *extremely* so, qualifies for appellate reversal and remand for a new trial on the conviction. The modifier "extremely" is surplusage.

An analogous result occurred when the present appeal was considered by the Court of Appeals. The court acknowledged the federal rule of Dunn and Powell, holding that verdicts are not reviewable on the ground of inconsistency, but, citing Marsh, concluded that "Indiana has an independent tradition of reviewing inconsistent verdicts." Beattie, 903 N.E.2d at 1054. While recognizing that the Indiana Supreme Court has not necessarily followed Marsh, the Court of Appeals discerned a twenty-year trend of decisions that have "reviewed the consistency of verdicts," which it elected to follow. *Id.* As in Owsley, the Court of Appeals found that because the jury's verdict of acquittal on one count was logically inconsistent with its guilty verdict on another, the conviction must be reversed and remanded for a new trial.

6

The effect of the <u>Marsh</u> standard, as illustrated in the decisions of the Court of Appeals in <u>Owsley</u> and the present case, is to depart from the rule insulating inconsistent verdicts from appellate review, as expressed in federal jurisprudence under <u>Dunn</u> and <u>Powell</u>, and historically favored in Indiana case law, in favor of an approach that requires reversal and a new trial of any conviction resulting from verdicts found to be contradictory and irreconcilable.

In this Court's discussion in <u>Powell</u> in 2002, we recited the "extremely contradictory and irreconcilable" standard for review of inconsistent verdicts, and noted as well the opposing rule expressed in <u>Totten</u> and <u>Hodge</u> that "[a] jury's verdict may be inconsistent or even illogical but nevertheless permissible if it is supported by sufficient evidence." <u>Powell</u>, 769 N.E.2d at 1131. But it was not necessary to reconcile these two approaches in <u>Powell</u> because we found that the challenged verdicts were not inconsistent. Relying largely upon language from <u>Powell</u>, the Court of Appeals in <u>Radick v. State</u>, 863 N.E.2d 356 (Ind. Ct. App. 2007), *trans. not sought*, found two verdicts to be logically inconsistent and appeared to apply the "extremely contradictory and irreconcilable" criteria to mean that "[a] jury's verdict may be inconsistent or even illogical but nevertheless permissible if it is supported by sufficient evidence." *Id.* at 358. The court affirmed the convictions, concluding that "[d]espite any inconsistency in the verdicts, the convictions are permissible because they are supported by sufficient evidence." *Id.* at 359.

Sufficiency of evidence, however, is required for any conviction, not just those challenged as logically inconsistent. A verdict not supported by sufficient evidence cannot stand, regardless of whether it is inconsistent with another verdict. The evaluation of whether a conviction is supported by sufficient evidence is independent from and irrelevant to the assessment of whether two verdicts are contradictory and irreconcilable.

When a jury returns logically inconsistent verdicts, such a result could mean that it misunderstood its instructions. But it is more likely that the jury chose to exercise lenity, refusing to find the defendant guilty of one or more additionally charged offenses, even if such charges were adequately proven by the evidence. Such right of a criminal jury to decline to convict is well recognized. <u>Bivins v. State</u>, 642 N.E.2d 928, 946 (Ind. 1994); <u>Peck</u>, 563 N.E.2d at 560;

7

James, 472 N.E.2d at 198. Indiana jurisprudence is particularly respectful of this right, which both Bivins and Peck observe is consistent with Article 1, Section 19 of the Indiana Constitution.[4] The law treats a jury's decision to acquit with enormous respect and deference. Once a jury acquits a defendant on a criminal charge, the State's right to appeal is limited to questions of law, and even if successful in such an appeal, the State is barred from retrying the defendant on the charge. State v. Jackson, 889 N.E.2d 819, 820 (Ind. 2008); State v. Martin, 885 N.E.2d 18, 19 (Ind. Ct. App. 2008); *see* Ind. Code § 35-38-4-2. A jury's right to exercise lenity is an important component of our criminal justice system.

But it is also conceivable that an occasion of inconsistent jury verdicts may result when, despite a lack of probative evidence of guilt, a jury may return a guilty verdict on less than all the charged offenses, not because of the jury's unanimous true belief that guilt was established but rather perhaps due to a compromise among disagreeing jurors, or to expeditiously conclude a lengthy deliberation, or to avoid an all-or-nothing verdict, or for other reasons. To remedy these concerns, however, as noted by the unanimous United States Supreme Court in Powell, "a criminal defendant already is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence." Powell, 469 U.S. at 67, 105 S. Ct. at 478, 83 L. Ed. 2d at 470. Citing "the Government's inability to invoke review, the general reluctance to inquire into the workings of the jury, and the possible exercise of lenity," the Court understandably concluded "that the best course to take is simply to insulate jury verdicts from review [for inconsistency]." *Id.* at 68–69, 105 S. Ct. at 479, 83 L. Ed. 2d at 471.

We agree with and adopt the federal rule expressed by the United States Supreme Court in Dunn and Powell, which has been for the most part the prevailing rule of Indiana jurisprudence. Concluding that the contrasting "extremely contradictory and irreconcilable" standard devised in Marsh has proven in practice to be unhelpful and inconsistent with Indiana's strong respect for the conscientiousness, wisdom, and common sense of juries, we overrule the standard advanced in Marsh and disapprove of Owsley. Jury verdicts in criminal cases are not subject to appellate review on grounds that they are inconsistent, contradictory, or irreconcilable.

---

[4] Article 1, Section 19 of the Indiana Constitution provides: "In all criminal cases whatever, the jury shall have the right to determine the law and the facts."

For this reason, even if we assume, *arguendo*, that the defendant's jury verdicts of not guilty of the lesser-included offense of Possession of Cocaine and guilty of Possession of Cocaine Within 1,000 Feet of a Family Housing Complex were inherently inconsistent, such verdicts are permissible and are insulated from review on this ground.

Concluding that inconsistent jury verdicts are not subject to appellate review, and summarily affirming the Court of Appeals as to the other issue presented by the defendant, we affirm the judgment of the trial court.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.