

**FILED**
Mar 14 2012, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

**FOR PUBLICATION**

ATTORNEY FOR APPELLANT:

**KRISTIN A. MULHOLLAND**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DOMINIQUE D. WOODS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1107-CR-292 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
Cause No. 45G01-0905-FB-46

**March 14, 2012**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Dominique Woods appeals her conviction for Class B felony robbery.  We affirm.

## Issue

Woods raises one issue, which we restate as whether the jury's guilty finding for assisting a criminal is logically inconsistent with its guilty finding for robbery as an accomplice.

## Facts

On May 29, 2009, Cheryl Blondeel was sitting outside of her place of employment in Munster, smoking a cigarette, and talking on her cell phone, when Antrione Manning grabbed her purse.  Manning ran away, and Blondeel chased him to a white car parked in a nearby driveway.  Manning got into the vehicle on the passenger side, and Woods was in the driver's seat.  Blondeel jumped on the hood of the vehicle, and Woods attempted to drive away.  Woods repeatedly accelerated, braked, and swerved until Blondeel was thrown from the hood.  Blondeel landed in the street and sustained injuries to her knees, chin, and arm.  Gary Diederich saw the incident, assisted Blondeel, and called 911 with a description of the vehicle and its license plate number.

A few minutes later, Officer Kevin Cooley of the Munster Police Department saw the vehicle, followed it, and called for assistance.  When other officers arrived, Officer Cooley initiated a traffic stop at a stop light.  Officer Tricia Fichter parked her police car diagonally on the driver's side of Woods's vehicle.  Although Officer Cooley and Officer Fichter were yelling for Woods to stop the car and turn the car off, Woods ignored their commands.  Officer Cooley attempted to disable Woods's car by shooting the rear tire,

2

and Woods finally stopped the vehicle. Officer Cooley and Officer Fichter removed Woods from the vehicle and took her into custody. Manning was also arrested. After her arrest, Woods said that Manning was "broke" and was looking for someone to rob. Tr. p. 188. Woods said that she should get "[c]ommunity service . . . because no one got hurt" and Blondeel got her purse back. Id. Woods admitted that she knew "it was wrong." Id. at 189.

The State charged Woods with Class B felony robbery, Class C felony robbery, Class C felony battery, Class D felony resisting law enforcement, and Class D felony assisting a criminal. At the jury trial, the trial court granted a directed verdict on the resisting law enforcement charge. The jury was instructed regarding accomplice liability, and during closing arguments, the State argued that Woods was guilty of robbery under an accomplice theory. The jury found her guilty of Class B felony robbery, Class C felony robbery, Class A misdemeanor criminal recklessness as a lesser included offense of the battery charge, and Class D felony assisting a criminal.

Woods argued based on Joseph v. State, 659 N.E.2d 676 (Ind. Ct. App. 1995), that the robbery and assisting a criminal verdicts were inconsistent and that she could not be convicted of both offenses. However, Woods argued that she was entitled to a new trial or that a conviction should be entered on the assisting a criminal guilty verdict rather than the robbery guilty verdict. Although the State acknowledged Joseph, it argued that robbery and assisting a criminal have different elements and that Woods should be convicted of both offenses. The trial court found that the verdicts were not inconsistent and found Joseph controlling. The trial court entered judgment of conviction for Class B

3

felony robbery and Class A misdemeanor criminal recklessness only. The trial court did not enter judgment of conviction for Class C felony robbery or Class D felony assisting a criminal. Woods now appeals, although she does not appear to make any arguments regarding her Class A misdemeanor criminal recklessness conviction.

**Analysis**

Woods argues that the jury's guilty finding for assisting a criminal is logically inconsistent with its guilty finding for robbery as an accomplice. The offense of assisting a criminal is governed by Indiana Code Section 35-44-3-2, which provides:

> A person not standing in the relation of parent, child, or spouse to another person who has committed a crime or is a fugitive from justice who, with intent to hinder the apprehension or punishment of the other person, harbors, conceals, or otherwise assists the person commits assisting a criminal, a Class A misdemeanor. However, the offense is:
>
> (1) a Class D felony if the person assisted has committed a Class B, Class C, or Class D felony . . . .

"This statute was intended to apply to a person who did not actively participate in the crime itself, but rather assisted a criminal after the fact." Wright v. State, 690 N.E.2d 1098, 1108 (Ind. 1997).

On the other hand, the accomplice liability statute provides that "[a] person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense . . . ." Ind. Code § 35-41-2-4. In determining whether a person aided another in the commission of a crime, we consider the following four factors: (1) presence at the scene of the crime; (2) companionship with another engaged in criminal

4

activity; (3) failure to oppose the crime; and (4) a defendant's conduct before, during, and after the occurrence of the crime. Garland v. State, 788 N.E.2d 425, 431 (Ind. 2003).

According to Woods, the offenses of robbery and assisting a criminal are mutually exclusive, and the jury could not have found her guilty of both offenses. Woods asks that we vacate her robbery conviction or, alternatively, that we grant her a new trial.

Our supreme court recently addressed inconsistent verdicts in Beattie v. State, 924 N.E.2d 643 (Ind. 2010). There, the court was asked to consider whether a not guilty verdict on a charge of possession of cocaine was fatally inconsistent with a guilty verdict on a charge of possession of cocaine within 1,000 feet of a family housing complex. The court held that "[j]ury verdicts in criminal cases are not subject to appellate review on grounds that they are inconsistent, contradictory, or irreconcilable." Beattie, 924 N.E.2d at 649.

Although Beattie would appear to preclude Woods's argument, Woods argues that Beattie is distinguishable. She bases her argument on a footnote in Beattie, which discusses United States v. Powell, 469 U.S. 57, 105 S. Ct. 471 (1984), and provides:

> The opinion included the following footnote: "Nothing in this opinion is intended to decide the proper resolution of a situation where a defendant is convicted of two crimes, where a guilty verdict on one count logically excludes a finding of guilt on the other. Cf. United States v. Daigle, 149 F.Supp. 409 (DC), aff'd per curiam, 101 U.S.App. D.C. 286, 248 F.2d 608 (1957), cert. denied, 355 U.S. 913 [78 S. Ct. 344, 2 L.Ed.2d 274] (1958)." Powell, 469 U.S. at 69 n.8, 105 S. Ct. at 479 n.8, 83 L.Ed.2d at 471 n.8. A similar claim has been made in some Indiana cases in which a defendant was convicted both for murder and voluntary manslaughter. See, e.g. Patton v. State, 668 N.E.2d 253, 254 (Ind. 1996); Butler v. State, 647 N.E.2d 631, 636 (Ind. 1995). In each case,

however, the multiple convictions did not involve the same victim, and the trial court judgments were affirmed.

Beattie, 924 N.E.2d at 645 n.3.

Although not mentioned in the Beattie footnote, we addressed a similar argument in Woodrum v. State, 498 N.E.2d 1318 (Ind. Ct App. 1986). There, the defendant was found guilty of "involuntary manslaughter and battery, requiring a knowing state of mind, and reckless homicide, requiring a reckless state of mind." Woodrum, 498 N.E.2d at 1324. He argued that he could not possess a knowing and reckless state of mind for the same act and that the multiple guilty verdicts were logically inconsistent. We held that we would not speculate on inconsistent jury verdicts and that we would not disturb the verdicts as long as there was sufficient evidence to support the convictions. Further, we noted that the trial court entered judgment of conviction and sentenced the defendant on the involuntary manslaughter charge only.

We acknowledge Woods's argument that Woodrum was decided prior to Beattie. However, even if we assume that Woods's argument is subject to appellate review, her argument fails. In Newgent v. State, 897 N.E.2d 520 (Ind. Ct. App. 2008), we addressed a double jeopardy argument regarding convictions for both murder and assisting a criminal. We noted:

> [W]here this issue has been raised in the context of the permissibility of multiple convictions, both this court and the Indiana Supreme Court have vacated convictions for assisting a criminal where it appeared that the defendants were active participants in the crimes for which they were convicted and their "assisting" convictions were merely efforts to protect or further those schemes.

6

Newgent, 897 N.E.2d at 530. The evidence supporting the defendant's conviction for assisting a criminal was the same evidence, in part, used by the State to claim that she committed aiding in murder. We determined that her actions after the murder "were largely in continuation of Baker's and her murder scheme" and she could not "be convicted of both murder and assisting a criminal." Id. Accordingly, we vacated her conviction for assisting a criminal.

We reached a similar result in Joseph v. State, 659 N.E.2d 676 (Ind. Ct. App. 1996), trans. denied. There, the defendant was convicted of both aiding a theft and assisting a criminal. We noted that the defendant's "acts of aiding the theft of her father's safe made her an active participant in the crime, despite the fact that she did not go to the house and physically steal the safe." Joseph, 659 N.E.2d at 679. She also later assisted others in evading police after they took the safe. We held that "it is improper to focus on Joseph's actions, which were taken after the crime was committed, with the intent to charge her with and convict her of the separate crime of assisting a criminal when, in reality, those actions merely represented her continuing scheme or plan to aid Springer and Hogue in the theft of her father's safe."[1]  Id. at 680. Consequently, we reversed the defendant's conviction for assisting a criminal.

Here, the evidence was sufficient for the jury to find that Woods committed Class B felony robbery as an accomplice. Woods drove Manning to the scene, parked the

---

[1] In both Newgent and Joseph, we based our decisions on Smith v. State, 429 N.E.2d 956, 959 (Ind. 1982), and Harris v. State, 617 N.E.2d 912, 915 (Ind. 1993), which both "merged" an assisting a criminal conviction with other convictions. Smith and Harris were later overruled on other grounds by Wright v. State, 690 N.E.2d 1098 (Ind. 1997), which held that assisting a criminal was not an inherently lesser-included offense of murder.

vehicle, and waited while Manning took Blondeel's purse. She then drove away, injuring Blondeel in the process, and was stopped by police. She admitted that Manning was "broke" and was looking for someone to rob and that she knew "it was wrong." Tr. at 188-89. Woods's conduct after the robbery is relevant to a determination of whether she aided in the robbery. See Garland, 788 N.E.2d at 431. We conclude that, as in Newgent and Joseph, Woods's actions after Manning stole the purse merely represented her continuing scheme or plan to aid Manning in the robbery. Moreover, as in Newgent and Joseph, the allegedly inconsistent guilty verdicts do not necessitate a new trial or reversal of the robbery conviction. Although the jury found Woods guilty of Class B felony robbery, Class C felony robbery, Class A misdemeanor criminal recklessness as a lesser included offense of the battery charge, and Class D felony assisting a criminal, the trial court properly entered judgment of conviction and sentenced her for the Class B felony robbery and Class A misdemeanor criminal recklessness only.

## Conclusion

The trial court properly entered judgment of conviction and sentenced Woods for Class B felony robbery and Class A misdemeanor criminal recklessness. We affirm.

Affirmed.

KIRSCH, J., and BRADFORD, J., concur.