Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

May 29 2014, 10:14 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PAULA M. SAUER**
Danville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DEJUAN D. COX,                               )
                                             )
    Appellant-Defendant,                     )
                                             )
       vs.                                )   No.  32A01-1310-CR-437
                                             )
STATE OF INDIANA,                            )
                                             )
    Appellee-Plaintiff.                      )

APPEAL FROM THE HENDRICKS CIRCUIT COURT
The Honorable Jeffrey V. Boles, Judge
Cause No. 32C01-1304-FB-29

**May 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Dejuan D. Cox ("Cox") was convicted after a jury trial of a single count of Dealing in

Cocaine, as a Class B felony.[1]  He now appeals.

We affirm the conviction, reverse the sentencing order in part, and remand for further

proceedings.

**Issues**

Cox raises three issues for our review, which we restate as:

    I.    Whether there was sufficient evidence to support his conviction;

    II.    Whether the trial court abused its discretion when it admitted into evidence deposition testimony of a witness who failed to appear to testify at trial; and

    III.    Whether the trial court abused its discretion in assessing fines and court costs.

**Facts and Procedural History**

On March 26, 2013, Cox drove a vehicle owned by a longtime friend, Darteresa

Ballard ("Ballard"), to the parking lot of a Meijer store in Avon.  Cox and Ballard were

present at the Meijer store because an associate of Ballard's, Barbara Bell ("Bell"), was

working as a confidential informant for a drug task force, and Bell had contacted Ballard to

arrange a controlled buy of cocaine.  Bell gave Ballard $100 in cash.  Ballard gave Bell

cocaine, and Bell exited the car.

On April 2, 2013, again working as a confidential informant, Bell arranged to

purchase cocaine from Ballard in the context of a controlled buy.  Ballard and Cox returned

---

[1] Ind. Code § 35-48-4-1(a)(1)(C).

2

to the Meijer store in Avon. This time, Bell gave Ballard $180 in cash that had been registered for use in the controlled buy. Ballard gave Bell cocaine, and Bell exited the car.

After the second purchase was completed, police stopped Ballard's vehicle, which Cox was driving. Upon arrest, Cox was found to have $100 of the cash from the controlled buy on his person.

On April 4, 2013, Cox was charged with one count of Dealing in Cocaine, as a Class B felony, which was related to the transaction on April 2, 2013. On May 31, 2013, the charging information was amended to add a second count of Dealing in Cocaine, as a Class B felony, related to the transaction on March 26, 2014. On June 4, 2013, the State alleged Cox to be a habitual offender.[2]

On July 24, 2013, Cox conducted a deposition of Bell. Bell stated her intent to testify at the upcoming trial, and was served with a subpoena to compel her testimony.

On August 6 and 7, 2013, a jury trial was conducted. The State had served Bell with a subpoena to compel her testimony on the second day of the trial. Bell failed to appear; she did not respond to telephone calls, and the State's other efforts to find her were unsuccessful. The State moved the court to declare Bell an unavailable witness, and requested admission of the deposition by having the transcript read into the record. Cox objected to the lack of opportunity to cross-examine Bell, and in the alternative requested that certain prejudicial portions of the deposition testimony be excluded from evidence. The trial court granted the

---

[2] I.C. § 35-50-2-8(a).

3

State's motion to read the transcript into the record, and granted Cox's request to exclude certain portions of the transcript.

At the conclusion of the trial, Cox was found guilty of one count of Dealing in Cocaine, and was found not guilty of the other charge. Subsequently, the State voluntarily dismissed the allegation that Cox was a habitual offender.

On September 25, 2013, Cox was sentenced to ten years imprisonment, with four years suspended to probation. The trial court fined Cox $100 and imposed $168 in costs.

This appeal ensued.

## Discussion and Decision

### Sufficiency of the Evidence

We turn first to Cox's contention that there was insufficient evidence to sustain his conviction for Dealing in Cocaine, as a Class B felony.

Our standard of review on challenges to the sufficiency of the evidence is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence. Id. We will affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." Id. (quoting Jenkins v. State, 726 N.E.2d 268, 270 (Ind. 2000)). "The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." Id. (quoting Pickens v. State, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001)).

4

To convict Cox of Dealing in Cocaine, as a Class B felony, the State was required to prove beyond a reasonable doubt that on April 2, 2013, Cox knowingly delivered cocaine. See I.C. § 35-48-4-1(a)(1)(C); App'x at 10.

Here, the jury was instructed regarding accessory liability as to Cox. "A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense," even if no prosecution has occurred or conviction has attached as to the other person. I.C. § 35-41-2-4. "In Indiana there is no distinction between the responsibility of a principal and an accomplice." Stokes v. State, 908 N.E.2d 295, 303 (Ind. Ct. App. 2009) (citing Wise v. State, 719 N.E.2d 1192, 1198 (Ind. 1999)), trans. denied. A defendant may be convicted as an accomplice where he merely had a tangential involvement in the crime. Green v. State, 937 N.E.2d 923, 929 (Ind. Ct. App. 2010) (citing Ajabu v. State, 693 N.E.2d 921, 937 (Ind. 1998)), trans. denied. In determining whether a defendant aided another in the commission of a crime, we consider the following factors: (1) presence of the defendant at the crime scene; (2) the defendant's companionship with another engaged in criminal activity; (3) whether the defendant failed to oppose commission of the crime; and (4) the defendant's conduct before, during, and after the occurrence of the crime. Woods v. State, 963 N.E.2d 632, 634 (Ind. Ct. App. 2012).

Our review of the record reveals that Ballard testified that on April 2, 2013, Cox drove Ballard's vehicle to the Avon Meijer store, with Ballard in the car. Ballard testified that this was the second time Cox drove her car to the Avon Meijer store; the first occurrence was on March 26, 2013, when Bell completed the first controlled buy of cocaine from Ballard.

5

Ballard further testified that Cox provided her with the cocaine that she sold to Bell, and that Ballard gave Cox $100 of the $180 in police-registered bills Bell provided as part of the transaction. Officer Dirk Fentz, who searched Cox at the time of the arrest, testified that when police stopped the vehicle, Cox was driving and had the $100 in registered bills on his person. Even absent the testimony from Bell's deposition, which the trial court admitted over Cox's objection and in which Bell identified Cox as present during the transaction but as apparently disinterested, this is sufficient evidence to support an inference that Cox was an accessory to the sale of the cocaine.

On appeal, Cox suggests the existence of several irregularities in the trial proceedings. He acknowledges that these do not rise to the level of reversible error themselves, but insists that they serve to undercut the reasonableness of the jury's verdict, particularly since the jury convicted him of only the charge of Dealing in Cocaine associated directly with his arrest on April 2, 2013. Cox also insists that Ballard's credibility as a witness was thoroughly undermined by trial counsel. To the extent these arguments suggest we reweigh evidence or reassess credibility, we decline Cox's invitation to do so, and find sufficient evidence to sustain his conviction.

## Witness Unavailability

Cox contends that the trial court abused its discretion when it declared Bell to be an unavailable witness and admitted into evidence the transcript of Bell's deposition, which was conducted approximately two weeks before Cox's trial.

6

Generally, hearsay evidence—out-of-court statements introduced into evidence as proof of the matters asserted therein—is inadmissible. Ind. Evidence Rules 801 & 802. Among the exceptions to the hearsay rule are certain out-of-court statements made when the declarant is unavailable to testify at trial. Evid. R. 804. Among these is an exception that permits admission of former testimony of a witness when that testimony:

> (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and
>
> (B) is now offered against a party who had—or, in a civil case, whose predecessor in interest had—an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

Evid. R. 804(b)(1).

For purposes of this exception, a declarant may be considered to be unavailable as a witness when the declarant:

> (5) is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure:
>
> > (A) the declarant's attendance, in the case of a hearsay exception under Rule 804(b)(1) or (5); or
> >
> > (B) the declarant's attendance or testimony, in the case of a hearsay exception under rule 804(b)(2), (3), or (4).

Evid. R. 804(a). These requirements are largely compatible with the U.S. Supreme Court's holdings in a series of cases beginning with Crawford v. Washington, 541 U.S. 36 (2004), which held that testimonial statements of witnesses not present at trial are admissible in criminal proceedings "only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine" the unavailable declarant. Id. at 59.

7

We review questions on the admissibility of evidence for an abuse of discretion, which occurs when the trial court's decision is contrary to the logic and effect of the facts and circumstances before it. Hape v. State, 903 N.E.2d 977, 991 (Ind. Ct. App. 2009), trans. denied. Even where an abuse of discretion occurs, however, we will not reverse the judgment in cases of harmless error, that is, where "'the conviction is supported by substantial independent evidence of guilt as to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction.'" Id. (quoting Cook v. State, 734 N.E.2d 563, 569 (Ind. 2000)).

Bell's testimony during the deposition indicated, as to Cox, that he was present during the two transactions on March 26, 2013 and April 2, 2013. Bell stated that Cox appeared indifferent each time, and she observed no interaction between Cox and Ballard on either occasion.

Assuming, without deciding, that the trial court abused its discretion in declaring Bell unavailable and admitting the deposition testimony, there was sufficient evidence independent of Bell's testimony to permit a reasonable jury to find that Cox committed the charged offenses. As we noted above, Cox was present at the controlled buy on April 2, 2013, and Ballard testified that Cox had also driven the vehicle for the March 26, 2013, transaction. Ballard testified that on April 2, 2013, Cox drove the car, provided the cocaine, and took $100 of the $180 Bell paid for the drugs. When police stopped the vehicle, Cox was driving and had on his person $100 of the $180 in cash that police had registered for use in the controlled buy.

Accordingly, without concluding any error occurred in the admission of Bell's deposition testimony, we conclude that any associated error was at most harmless, and affirm Cox's conviction of Dealing in Cocaine, as a Class B felony.

Fines and Costs

We turn now to Cox's final contention, that the trial court abused its discretion when, at sentencing, it assessed fines and costs against him. Cox takes issue with the trial court's imposition of (1) a $100 fine against him; (2) $168 in court costs; and (3) probation fees totaling $1,410.

Sentencing decisions, which include the imposition of fees, costs, and fines, are generally left to the trial court's discretion. Bex v. State, 952 N.E.2d 347, 354 (Ind. Ct. App. 2011), trans. denied. As long as the fees imposed are within the statutory limits, there is no abuse of discretion, and the defendant's indigency "does not shield him from all costs or fees related to his conviction." Id. (citations and quotation marks omitted).

We turn first to the trial court's imposition of the $100 fine. Our sentencing statutes provide that in addition to incarceration, a trial court may order the defendant to pay a fine of up to $10,000 if found guilty of a Class B felony. I.C. § 35-50-2-5. Cox argues that the trial court abused its discretion in assessing a fine against him because the language of the statute that provides for payment of criminal fines, I.C. § 35-38-1-18, is similar to the statutory language related to costs, I.C. § 33-37-2-3. Subsection 33-37-2-3(a) requires that trial courts conduct an indigency hearing and, if the defendant is found not to be indigent, requires that the court order payment of costs and specify when those costs must be paid.

9

Section 35-38-1-18, however, is written differently. The statute on fines states that "whenever the court imposes a fine, it shall conduct a hearing." I.C. § 35-38-1-18(a). Thus, the statutory language of Section 35-38-1-18 does not make indigency a precondition for the imposition of a fine. Rather, the indigency determination dictates whether a defendant may be imprisoned for failure to pay the fine—not whether a fine may be imposed at all. See Whedon v. State, 765 N.E.2d 1276, 1278-79 (Ind. 2002) (holding that "when fines or costs are imposed upon an indigent defendant, such a person may not be imprisoned for failure to pay the fines or costs"). And, as the Whedon Court observed, "a defendant's financial resources are more appropriately determined not at the time of the initial sentencing but at the conclusion of incarceration." Id. at 1279. We accordingly find no abuse of discretion in the court's imposition of the $100 fine at Cox's sentencing.

We turn next to the imposition of $168 in court costs. In Banks v. State, this Court remanded a sentencing order where the trial court failed to identify the basis for mandatory fees and costs assessed against the defendant. 847 N.E.2d 1050, 1052 (Ind. Ct. App. 2006), trans. denied. Citing Banks and similar cases, Cox argues that the trial court failed to specify the statutory sources it relied upon in assessing the $168 in court costs, and that this is an abuse of discretion. The State agrees, stating that "remand may be appropriate both to allow the trial court to specify the statutory basis for the costs imposed and to ensure that the court imposes all of the mandatory costs required by Section 33-27-4-1," (State's Br. at 15) and observes that the trial court did not impose certain mandatory fees required by statute upon conviction of certain drug offenses. See I.C. §§ 33-37-4-1, 33-37-5-9.

We agree. Accordingly, we reverse the determination of fees and remand to the trial court to clarify the basis for its assessment of costs and fees and to assess all fees required by our statutes.

We turn last to Cox's contention that the trial court abused its discretion when it ordered him to pay costs, the fine, and probation fees at a rate of $40 per month. The State argues that the document that sets forth the calculation of fees, costs, and the fine, and the $40 monthly payment, is not a signed order of the court, and thus this aspect of Cox's challenge is not ripe for review.

We do not agree with the State's argument that the document is not an order. The document in question bears a dated, stamped signature of the trial court judge as well as Cox's handwritten signature. It is thus an order of the court.

Cox argues that the order is in error because, while no indigency hearing was conducted, he is nevertheless indigent as a matter of law, and thus could not properly have been ordered to pay probation fees or other costs at a rate of $40 per month. In support of that proposition, Cox directs us to Clenna v. State, in which a panel of this Court held that "if a defendant is found to be indigent specifically as to the subject of attorney's fees, then he is also as a matter of law indigent as to any fines and costs that are assessed." 782 N.E.2d 1029, 1034 (Ind. Ct. App. 2003). While we recognize this decision of another panel of this Court, we find more persuasive the reasoning of our supreme court in Whedon, which observed that "a defendant's financial resources are more appropriately determined not at the time of the initial sentencing but at the conclusion of incarceration." 765 N.E.2d at 1279; see

11

<u>Clenna</u>, 782 N.E.2d at 1035 (Baker, J., concurring in result) (stating, "[i]n my view, the determination of indigency with respect to a defendant's ability to pay fines and costs remains fact-sensitive). Thus, we vacate that portion of the order that requires payment of $40 per month.[3] After Cox's release from incarceration, an indigency hearing should be conducted to determine his ability to pay in light of his income and assets at that time.

### Conclusion

There was sufficient evidence to support Cox's conviction. Assuming, without deciding, that the trial court abused its discretion when it determined that a witness was unavailable, any such error was harmless. The trial court abused its discretion in various aspects of its orders concerning fines, costs, and fees. We accordingly remand for a correct calculation of costs associated with Cox's substance-related offense. We also vacate the trial court's determination of a monthly payment associated with the fines, costs, and fees, and remand with instructions to determine the appropriate monthly payment upon Cox's release from incarceration.

Affirmed in part, reversed in part, and remanded.

KIRSCH, J., and MAY, J., concur.

---

[3] We leave undisturbed, however, the trial court's order setting the maximum probation fees at $1410, as well as its assessment of $100 each for the probation administrative fee and initial probation user fee.