**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**COREY L. SCOTT**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

FILED
May 29 2014, 10:18 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

AKEEM TURNER,                            )
                                         )
    Appellant-Defendant,             )
                                         )
        vs.                       )    No. 49A02-1310-CR-900
                                         )
STATE OF INDIANA,                        )
                                         )
    Appellee-Plaintiff.              )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Anne M. Flannelly, Master Commissioner
Cause No. 49G04-1210-FB-73333

**May 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Akeem Turner claims that the State failed to present sufficient evidence to sustain his convictions for class B felony burglary and class D felony theft.[1] We affirm.

**Facts and Procedural History**

The facts most favorable to the jury's verdict are that on the afternoon of October 3, 2012, Ronald Lickliter saw two men, later identified as Turner and Gonza McGary, "just kind of hanging out" across the street from his house on North Oakland Avenue in Indianapolis. Tr. at 88. Turner lived with his girlfriend in one half of the duplex across the street from Lickliter's home. Leonardo Venegas and his sister, Virginia Cortes, lived in the other half of the duplex. From his front porch, Lickliter watched McGary knock on the front doors of several houses across the street. No one responded to McGary's knocks. Lickliter then watched as "they knocked on" the front door of Venegas and Cortes's residence. *Id*. at 90. No one answered the door. McGary disappeared around the back of the duplex. After several minutes, Lickliter saw Turner open the back door of his residence and let in McGary, who was carrying "an armload of stuff," including a flat-screen TV. *Id*. at 92. A man in a Buick pulled up behind Turner's residence and opened the trunk. Lickliter called 911 because he "knew then that they was getting ready to move whatever they stole out." *Id*. at 95.

---

[1] *See* Ind. Code § 35-43-2-1 (defining class B felony burglary as breaking and entering a dwelling with intent to commit a felony in it); Ind. Code § 35-43-4-2 (defining class D felony theft as knowingly or intentionally exerting "unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use").

Indianapolis Metropolitan Police Department Officer Michael Mann responded to the 911 call and saw Turner, McGary, and a third man standing by the Buick. The back door of Venegas and Cortes's residence had been forced open, and a window had been broken. Officer Mann entered the residence to ensure that no one was inside and "noticed at least in two locations … that it looked as if something was missing," including a computer monitor. *Id*. at 118. He also saw a brick lying "just inside" the broken window. *Id*. at 119. He peered through the screen door of Turner's residence and saw a television and a computer monitor on a landing. Police obtained a search warrant for Turner's residence and found several items that belonged to Venegas, including televisions and a computer monitor. Several items belonging to Cortes, including jewelry and a camera, were found in McGary's pocket. At the scene, Lickliter identified McGary as the person who carried items into Turner's residence and identified Turner as the person who opened the door for McGary.

The State charged Turner with class B felony burglary and class D felony theft. At trial, the jury was instructed on accomplice liability and found Turner guilty as charged.

**Discussion and Decision**

On appeal, Turner contends that the State failed to present sufficient evidence that he committed burglary and theft, noting that Lickliter did not see him carrying items from Venegas and Cortes's residence and that his fingerprints were not found on the stolen items. Turner's argument assumes that he was convicted as a principal actor in the crimes. The State contends, and we agree, that the evidence is sufficient to sustain his convictions under an accomplice liability theory. In reviewing a challenge to the sufficiency of the evidence,

3

"we neither reweigh the evidence nor assess witness credibility, and will focus on the evidence most favorable to the verdict together with the reasonable inferences that may be drawn therefrom. We will affirm unless no reasonable factfinder could find the elements of the crime proved beyond a reasonable doubt." *Cooper v. State*, 940 N.E.2d 1210, 1213 (Ind. Ct. App. 2011) (citation omitted), *trans. denied.*

Indiana Code Section 35-41-2-4 provides in pertinent part that "[a] person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense[.]" "It is well established that a person who aids another in committing a crime is just as guilty as the actual perpetrator. To be convicted as an accomplice, it is not necessary for a defendant to have participated in every element of the crime." *Green v. State*, 937 N.E.2d 923, 927 (Ind. Ct. App. 2010) (citation omitted), *trans. denied* (2011).

> In determining whether a person aided another in the commission of a crime, we consider the following four factors: (1) presence at the scene of the crime; (2) companionship with another engaged in criminal activity; (3) failure to oppose the crime; and (4) a defendant's conduct before, during, and after the occurrence of the crime.

*Woods v. State*, 963 N.E.2d 632, 634 (Ind. Ct. App. 2012).

Here, Turner and McGary knocked on Venegas and Cortes's door, apparently to determine if anyone was home. When no one answered the door, McGary broke and entered the residence and stole an armload of property. Turner opened the door of his residence and allowed McGary to place the stolen items inside. A third man drove up and opened his car trunk, apparently with the intent to take the stolen items elsewhere. When Officer Mann responded to Lickliter's 911 call, he saw Turner, McGary, and the driver standing by the car.

4

Turner's presence and conduct before, during, and after the crime, his companionship with McGary, and his failure to oppose the crimes are more than sufficient to sustain his burglary and theft convictions under an accomplice liability theory. Therefore, we affirm.

Affirmed.

BAKER, J., and NAJAM, J., concur.