# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 25 2019, 9:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott H. Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joshua E. Williams, *Appellant-Defendant,* | November 25, 2019 |
| v. | Court of Appeals Case No. 19A-CR-780 |
| | Appeal from the St. Joseph Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable John M. Marnocha, Judge |
| | Trial Court Cause Nos. 71D02-1810-F4-73 71D02-1312-FB-171 |

**Bailey, Judge.**

# Case Summary

[1] Joshua E. Williams ("Williams") challenges his conviction, following a jury trial, of burglary, as a Level 4 felony.[1] He raises one dispositive issue, which is whether the State presented sufficient evidence to support his conviction.

[2] We affirm.

# Facts and Procedural History

[3] In the late morning hours of October 22, 2018, Katie McClarren ("McClarren") called 9-1-1 and reported that someone had broken a window out of the basement of her home located at 1019 North Lawrence Street in South Bend. South Bend Police Officers Steve Noonan ("Officer Noonan") and Jamil Elwaer ("Officer Elwaer") were the first to arrive at McClarren's house in response to her 9-1-1 call. Upon arriving, they saw two African American males outside of the residence in the backyard area, and those men ran away when they saw the officers. Officer Elwaer observed that a grate over a basement egress window had been removed. Officers Noonan and Elwaer pursued the two fleeing males on foot for several blocks.

[4] The pursuit resulted in the capture and arrest of Williams and DeMarcus Morton ("Morton"). On October 24, the State charged Williams with Burglary,

---

[1] Ind. Code § 35-43-2-1(1).

as a Level 4 felony. Under a separate cause number, the State filed a petition to revoke Williams's probation.

[5] On February 13, 2019, Williams had a jury trial at which Morton, among others, testified for the State. Morton testified as follows. On the morning of October 22, 2018, Marshawn Jones ("Jones") contacted him and suggested they "hit a lick," i.e., enter someone's home to steal their property. Morton then called Williams because Williams had a car. Williams picked up Morton and Jones and together they all went to McClarren's residence. The plan, with which Williams agreed, was to enter the residence and steal property that the three of them would then "divide up." *Id*. at 104-05. Jones was to knock on the door of the residence to see if anyone was home. Morton did not know if anyone answered the door when Jones knocked. Jones "used a rock to bust the window" of a window well to "g[e]t in the house." *Id*. at 111.

[6] While Morton and Williams were standing outside the residence in the backyard, the police arrived. Morton and Williams ran from the police, and the police chased them. Morton did not know where Jones was at that time; he never witnessed Jones leave the house so he was "not sure" how Jones got out of the house. *Id*. at 110-11.

[7] The recording of McClarren's 9-1-1 call was admitted into evidence as State's Exhibit 24a and played for the jury. During the 9-1-1 call, McClarren reported that someone had broken a window in the basement of her home, and she and her young son were hiding in a bathroom. After being on the phone with the 9-

1-1 operator for about six minutes, McClarren stated that she heard a door opening and someone walking around. She said she also heard voices. At approximately minute fifteen of the 9-1-1 call, the operator informed McClarren that the officers were at that time entering her house.

[8] South Bend Police Officer Sandra Smith also testified for the State. She was one of the officers who responded to McClarren's 9-1-1 call on October 22, 2018. Officer Smith testified that State's Exhibits 2 through 12—which were admitted without objection—were photographs police took of McClarren's residence on October 22. Officer Smith identified photographs of the inside of the residence's broken window and a desk that was right below that window. Ex. at 11. The photograph of the desk, State's Exhibit 10, showed a shoeprint on the top of the desk. *Id.* at 12.

[9] The jury found Williams guilty as charged. The court sentenced Williams to eight years with 149 days credit for the burglary conviction. The court also revoked Williams's probation because of the burglary conviction, and ordered Williams to serve four years of his previously suspended sentence consecutive to the sentence for burglary. Williams now appeals.

# Discussion and Decision

[10] Williams challenges the sufficiency of the evidence to support his conviction. Our standard of review of the sufficiency of the evidence is well-settled:

> When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id*. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id*.

*Clemons v. State*, 996 N.E.2d 1282, 1285 (Ind. Ct. App. 2013), *trans. denied*.

To support Williams's conviction of Burglary, as a Level 4 felony, the State was required to prove that (1) Williams, *as an accomplice* or principal, (2) broke and entered (3) a building or structure (4) that was a dwelling of another person, (5) with intent to commit a felony or theft in it. I.C. § 35-43-2-1(1); I.C. § 35-41-2-4. There was no evidence produced at trial that Williams himself broke McClarren's window and entered her residence. Rather, Williams was charged as an accomplice. Indiana Code Section 35-41-2-4 provides:

> A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person:
>
> (1) has not been prosecuted for the offense;
>
> (2) has not been convicted of the offense; or
>
> (3) has been acquitted of the offense.

This statute does not establish liability as a separate crime, but merely as a separate basis of liability for the crime charged.  *E.g.*, *Taylor v. State*, 840 N.E.2d 324, 333 (Ind. 2006).

[12]     In determining whether there is sufficient evidence to support an accomplice relationship, we consider: (1) presence at the scene of the crime;[2] (2) companionship with another at the scene of the crime; (3) failure to oppose commission of the crime; and (4) course of conduct before, during, and after occurrence of the crime.  *E.g.*, *Bethel v. State*, 110 N.E.3d 444, 450 (Ind. Ct. App. 2018), *trans. denied*.  It is not necessary that the evidence show the alleged accomplice personally participated in the commission of each element of the offense.  *Castillo v. State*, 974 N.E.2d 458, 466 (Ind. 2012).  Rather, "[a] jury may infer complicity and participation in a crime 'from defendant's failure to oppose the crime, companionship with the one engaged therein, and a course of conduct before, during, and after the offense which tends to show complicity.'" *Hauk v. State*, 729 N.E.2d 994, 998 (Ind. 2000) (quoting *Shane v. State*, 716 N.E.2d 391, 396 (Ind. 1999)); *see also Vasquez v. State*, 762 N.E.2d 92, 95 (Ind. 2001) ("An accomplice can be held criminally liable for everything done by his confederates which was a probable and natural consequence of their common plan." (quotation and citation omitted)).  Thus, in *Wood v. State*, for example, there was sufficient evidence to support the defendant's conviction for robbery,

---

[2]  "Mere presence at the scene of a crime is insufficient to make one an accomplice," but we consider presence at the scene in conjunction with the other factors.  *Griffin v. State*, 16 N.E.3d 997, 1004 (Ind. Ct. App. 2014).

as an accomplice, where the defendant: admitted she knew the principal intended to rob someone; drove the principal to the scene of the crime; parked the vehicle and waited for the principal while the principal committed the crime; and then drove away with the principal until stopped by police. 963 N.E.2d 632, 636 (Ind. Ct. App. 2012).

[13] Here, the State presented sufficient evidence that Williams knowingly aided Jones in committing burglary as a Level 4 felony. Morton, an eye-witness co-conspirator, testified that Williams knew of and agreed to the plan to join Jones and Morton in breaking into McClarren's home and stealing her property. Morton further testified Williams drove him and Jones to McClarren's residence for that purpose. Morton testified that Jones broke into McClarren's residence through a basement window while he and Williams stood outside the residence. The evidence also established that Williams ran from the police as soon as he saw them. And the jury could reasonably infer from Morton's testimony that Jones did actually enter McClarren's residence. That inference is bolstered by McClarren's statement in her 9-1-1 call that she heard someone in her residence, and by the evidence of a shoeprint on top of the desk that sat directly below the broken basement window.

[14] The State presented sufficient evidence to support Williams's conviction of burglary as a Level 4 felony.[3]

[15] Affirmed.

Najam, J., and May, J., concur.

---

[3] Because we affirm Williams's burglary conviction, we need not address his claim that his probation should not have been revoked based on the burglary conviction.