Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**MICHAEL R. FISHER**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana



FILED
Mar 22 2012, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| KENNY GREEN, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | No. 49A02-1107-CR-611 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Jeffrey Marchal, Judge Pro Tempore
Cause No. 49G06-1010-FA-80292

**March 22, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Kenny Green ("Green") was convicted in Marion Superior Court of Class A felony rape and Class D felony auto theft and was ordered to serve an aggregate forty-year sentence in the Department of Correction. Green appeals arguing that the evidence is insufficient to support his rape and auto theft convictions, and that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

**Facts and Procedural History**

On May 18, 2009, P.E. met Green outside her apartment door and invited him inside because she was new to the apartment complex and wanted to meet other residents. P.E. had two other friends with her, and she and Green eventually drove P.E.'s friends to a nearby club. After P.E. and Green returned to P.E.'s apartment, they smoked crack cocaine. Green then left P.E.'s apartment but told her that he would be back.

Hours later, Green returned and asked P.E. if he could use her phone. As P.E. began to retrieve her phone from her purse, Green came up behind her and began to strangle her with a belt from her robe. After he threatened to cut her, Green forced P.E. to perform oral sex on him. Green then gagged P.E. with an electrical cord, pulled off her clothing, and raped her.

After raping P.E., Green took her car keys and cell phone from her purse. Green left P.E.'s apartment, and P.E. put on clothing and chased after him, but once outside, she saw Green driving away in her car. P.E. then called 911 to report the rape and auto theft. P.E. told the responding officer that a man named K.G. had raped her and stolen her car. The officer observed that P.E. had red marks on the outside of her lips that extended

2

down to her chin, red marks on her neck, an abrasion on her elbow, and bruising on her arms. Tr. p. 114.

The officer sent P.E. to Methodist Hospital for a sexual assault examination. The forensic nurse examiner also observed the red marks near P.E.'s mouth, chin and neck, which she concluded were consistent with "marks made by strangulation by ligature." Tr. p. 225. The nurse examiner also observed injuries and abrasions to P.E.'s vagina, which were consistent with "blunt force trauma" and in the area of the vagina that is typically injured during a sexual assault. Tr. pp. 235, 238.

On October 19, 2010, Green was charged with Class A felony rape, Class A felony criminal deviate conduct, Class B felony robbery, Class D felony strangulation, Class D felony criminal confinement, and Class D felony auto theft. After a two-day jury trial, Green was found guilty of rape, strangulation, criminal confinement, and auto theft, but was acquitted of criminal deviate conduct and robbery.

Green's sentencing hearing was held on June 16, 2011. Although Green's counsel did not argue for any mitigating circumstances, the trial court considered Green's substance abuse as a mitigating factor. But the trial court determined that Green's criminal history, consisting of several misdemeanor and felony convictions as well as probation revocations, outweighed that mitigating circumstance. The court then ordered Green to serve concurrent sentences of forty years for Class A felony rape and three years for Class D felony auto theft. The trial court declined to enter judgment on the strangulation and criminal confinement counts due to double jeopardy concerns. Green

3

was also ordered to register as a sex offender and found to be a sexually violent predator. Green now appeals his rape and auto theft convictions and his sentence.

## I. Sufficient Evidence

Green first argues that the evidence is insufficient to support his conviction for Class A felony rape. Upon a challenge to the sufficiency of evidence to support a conviction, we neither reweigh the evidence nor judge the credibility of the witnesses; instead, we respect the exclusive province of the jury to weigh any conflicting evidence. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005). We consider only the probative evidence and reasonable inferences supporting the verdict, and we will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. Id.

A person who knowingly or intentionally has sexual intercourse with a member of the opposite sex when the other person is compelled by force or imminent threat of force commits Class B felony rape. Ind. Code Ann. § 35-42-4-1(a) (2004). But the offense is a Class A felony if "it is committed by using or threatening the use of deadly force." Id.; see also Appellant's App. p. 21. Green concedes that he had sexual intercourse with P.E. but argues that the sex act was consensual.

To support his argument, Green relies on his own self-serving trial testimony that P.E. agreed to have sexual intercourse with him in exchange for crack cocaine. See Appellant's Br. at 7. Although Green acknowledges our well-established standard of review in reviewing challenges to sufficiency of the evidence, he attempts to circumvent

4

the standard by arguing that the evidence adduced is subject to the incredible dubiosity rule.

Although appellate courts generally do not impinge upon a jury's function to judge the credibility of a witness, we may apply the "incredible dubiosity" rule to assess witness credibility. Surber v. State, 884 N.E.2d 856, 868 (Ind. Ct. App. 2008), trans. denied.

> Under the incredible dubiosity rule, if a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. This is appropriate only where the court has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it.

Id. at 869. And the incredible dubiosity rule has been limited to situations where the witness's testimony is inherently contradictory, meaning that he contradicts himself in a single statement or while testifying, not via multiple statements. Glenn v. State, 884 N.E.2d 347, 356 (Ind. Ct. App. 2008), trans. denied. See also Buckner v. State, 857 N.E.2d 1011, 1018 (Ind. Ct. App. 2006) (stating that the incredible dubiosity rule applies to conflicts in trial testimony rather than conflicts between pretrial and trial testimony).

We first observe that Green has not argued that P.E.'s trial testimony was inconsistent or contradictory. In fact, P.E.'s testimony concerning Green's criminal conduct while inside her apartment was entirely consistent. But Green argues that P.E.'s testimony is "inherently improbable" because she did not tell the responding officer that she and Green had smoked crack cocaine together earlier that day.

Green's incredible dubiosity argument is completely inapposite when considered in light of the fact that the responding officer and forensic nurse examiner observed P.E.'s physical injuries that corroborated her testimony that Green strangled her, gagged her with an electrical cord, and raped her. And investigating officers found the belt of a robe and a broken electrical cord in P.E.'s bedroom. In addition to this testimony, the jury was provided with photographic evidence of P.E.'s injuries.

For all of these reasons, we conclude that the principle of incredible dubiosity is inapplicable, and the evidence was sufficient to support Green's Class A felony rape conviction.[1]

Green also argues that his auto theft conviction is not supported by the evidence despite his admission at trial that he took P.E.'s car, albeit allegedly with her permission, and did not return it to her.[2] Green again argues that P.E.'s testimony was "so inherently improbable that no reasonable person could believe it." Appellant's Br. at 10.

P.E. testified that Green took her car keys without her permission and stole her car. There is nothing in the record that would lead us to conclude that her testimony was incredibly dubious. Therefore, we conclude that the evidence is sufficient to support Green's Class D felony auto theft conviction.

## II. Inappropriate Sentence

[1] Green also attempts to support his argument concerning the credibility of P.E.'s testimony by noting that the jury acquitted him of criminal deviate conduct and robbery. But our supreme court has held that "[j]ury verdicts in criminal cases are not subject to appellate review on grounds that they are inconsistent, contradictory, or irreconcilable." Beattie v. State, 924 N.E.2d 643, 649 (Ind. 2010).

[2] Indiana Code section 35-43-4-2.5 provides that "[a] person who knowingly or intentionally exerts unauthorized control over the motor vehicle of another person, with intent to deprive the owner of [] the vehicle's value or use . . . commits auto theft, a Class D felony."

6

Green finally argues that his forty-year aggregate sentence is inappropriate in light of the nature of the offense and the character of the offender.[3] Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by the trial court. Alvies v. State, 905 N.E.2d 57, 64 (Ind. Ct. App. 2009) (citing Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007)). This appellate authority is implemented through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Anglemyer, 868 N.E.2d at 491.

However, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." Stewart v. State, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). The burden is on the defendant to persuade us that his sentence is inappropriate. Reid v. State, 876 N.E.2d 1114, 1116 (Ind. 2007). Finally, although we have the power to review and

---

[3] Specifically, Green argues:

> it seems that under the circumstances, even if there was no specific agreement for sex, her behavior may have suggested to the Defendant some entitlement to sex-for-drugs. The world of crack cocaine is a sleazy one where the normal conventions of respect and concern for others do not flourish. This is noted not to pose any legal defense or to excuse Mr. Green's behavior, but only to provide the context in which the crime occurred. These circumstances surrounding this offense would distinguish it from other cases of rape. They should compel a less severe sentence than the one imposed here.

Appellant's Br. at 14. Green's argument is offensive and is not effective appellate advocacy.

revise sentences, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008).

"A person who commits a Class A felony shall be imprisoned for a fixed term of between twenty (20) and fifty (50) years, with the advisory sentence being thirty (30) years." I.C. § 35-50-2-4 (2011). Green was ordered to serve forty years for his Class A felony rape conviction. He was also ordered serve a concurrent three-year term for his Class D felony auto theft conviction, which is the maximum sentence for a Class D felony. See I.C. § 35-50-2-7 (2011).

Green's character fully supports the trial court's decision to impose a forty-year sentence. Thirty-two-year-old Green has demonstrated his inability to lead a law-abiding life. His first conviction occurred in Illinois in 1995. Specifically, Green was convicted of felony theft. One year later, he was convicted of felony residential burglary. He was discharged from the Illinois prison system in December 2001. Since that time it appears he has resided in Indiana where he has committed (in order of conviction): Class A misdemeanor criminal conversion, Class A misdemeanor criminal trespass, Class D felony theft, Class D felony possession of cocaine, and Class A misdemeanor invasion of privacy. Green also has several probation violations and revocations, and his pre-sentence investigation reports lists several violations of Indiana Department of Correction conduct rules. Finally, Green indicated no past employment but that he earned anywhere from $1,000 to $15,000 per month selling drugs.

8

The nature of the offense was also particularly violent. Green strangled P.E. to the point where she could barely breathe, and shoved an electrical cord in her mouth to gag her. He also threatened to cut her if she did not perform oral sex on him. He continued to strangle P.E. while he forced her to perform oral sex and to submit to sexual intercourse.

For all of these reasons, we conclude that Green's aggregate forty-year sentence is not inappropriate in light of the nature of the offense and the character of the offender.[4]

## Conclusion

The evidence is sufficient to support Green's rape and auto theft convictions and his aggregate forty-year sentence is not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

FRIEDLANDER, J., concurs.

RILEY, J., concurs in result.

---

[4] Green's request that our court consider prior plea negotiations with the State in our consideration of the appropriateness of his sentence following a fully completed jury trial is absurd.

9