Brian McNEILL, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 71A05–1003–CR–219.

Court of Appeals of Indiana.

Nov. 12, 2010.

Thomas F. Strickler, South Bend, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ian McLean, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Brian McNeill appeals his conviction of aggravated battery, as a Class B felony.[1] We affirm.

## FACTS AND PROCEDURAL HISTORY

On October 10, 2007, Brandon Sutton, his mother, and Almono McMillan arrived at a South Bend apartment complex. McNeill and several other men were standing outside the apartments and be-gan yelling as the three individuals exited Sutton's vehicle. McNeill accused McMillan of selling him a defective handgun, and they began arguing. McNeill told Sutton "you [sic] lucky your momma [sic] here, or you would be dead." (Tr. at 158.)

The following day, McMillan returned to the apartments to visit Sutton's sister. McNeill again argued with McMillan regarding the gun, and McMillan suggested they settle the matter with a fistfight. McNeill replied, "I don't fight, I shoot." (*Id.* at 465–66.) McNeill, who was armed with a gun, alerted the occupants of a nearby apartment, and several armed individuals emerged. McMillan also had a gun. He called Sutton, who arrived also armed with a gun. Several individuals, including McNeill, opened fire. Sutton fired several rounds, but ran out of ammunition and attempted to run away.

As Sutton fled the scene with his back to McNeill, Sutton was shot in the back. The injury left Sutton paralyzed below the waist and confined to a wheelchair. The bullet remains in Sutton's spine because removing the bullet poses risk of additional injury.

McNeill and other individuals left, but later provided statements to the police after learning they were suspects. South Bend Police later recovered from a dumpster a handgun matching descriptions of McNeill's handgun. They also found, at the scene of the shooting, six casings fired from the handgun matching McNeill's.

McNeill was charged with carrying a handgun without a permit, a Class A misdemeanor;[2] pointing a firearm, a Class D felony;[3] and aggravated battery, a Class B felony. Following a jury trial, McNeill

---

1. Ind.Code § 35–42–2–1.5.

2. Ind.Code § 35–47–2–1.

3. Ind.Code § 35–47–4–3(b).

was found guilty of Class B felony aggravated battery.[4]

### DISCUSSION AND DECISION

■ The sole issue McNeill raises is whether sufficient evidence supports his conviction. When considering the sufficiency of evidence, we will not re-weigh the evidence or re-evaluate the credibility of witnesses. *Mann v. State*, 895 N.E.2d 119, 121 (Ind.Ct.App.2008). If the probative evidence and reasonable inferences drawn therefrom support a finding of guilt, a conviction must be affirmed. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind.2005).

Class B felony aggravated battery is committed when a person "knowingly or intentionally inflicts injury on a person that creates a substantial risk of death or causes: (1) serious permanent disfigurement; [or] (2) protracted loss or impairment of the function of a bodily member or organ[.]" Ind.Code § 35–42–2–1.5. McNeill argues there was insufficient evidence he was responsible for Sutton's injury.

■ Indiana law does not distinguish between a principal and one who aids. *Vandivier v. State*, 822 N.E.2d 1047, 1054 (Ind.Ct.App.2005), *trans. denied.* A person is liable as an accomplice if he knowingly or intentionally aided, induced, or caused another person to commit a crime. Ind.Code § 35–41–2–4. Even if the State charges an individual as a principal, a jury may convict on proof the individual aided in the commission of the crime. *Wise v. State*, 719 N.E.2d 1192, 1198 (Ind.1999). When determining whether a person aided in the commission of a crime, we evaluate four factors: (1) presence at the crime scene; (2) companionship with another engaged in criminal activity; (3) failure to oppose the crime; and (4) a defendant's conduct before, during, and after the crime. *Garland v. State*, 788 N.E.2d 425, 431 (Ind.2003).

There was sufficient evidence to support McNeill's aggravated battery conviction. The day before Sutton was shot, McNeill threatened McMillan and Sutton by stating, "you [sic] lucky your momma [sic] here, or you would be dead." (Tr. at 158.) The next day, shortly before the shoot-out, McNeill engaged McMillan in an argument and said, "I don't fight [with fists], I shoot." (*Id.* at 466.) Witnesses saw McNeill fire a gun several times in the direction of Sutton and McMillan. This evidence demonstrates McNeill was at the crime scene and participated in the crime by firing his weapon. Just before the shoot-out, McNeill summoned several armed individuals from a nearby apartment to assist him in the shoot-out; his companionship with those individuals would allow him to be convicted regardless of whose bullet struck Sutton. *See, e.g., Garland*, 788 N.E.2d at 431 (finding companionship with others engaged in the crime sufficient as a factor to establish aiding and abetting liability).

McNeill notes no medical, forensic, or ballistic evidence was presented to establish the source of Sutton's gunshot wound. No ballistic evidence could be presented because doctors declined to remove the bullet from Sutton's spine, fearing removal would cause additional injury. Neverthe-

---

4. McNeill argues the jury verdicts were inconsistent because he was found not guilty of possession of a firearm and pointing a firearm. We may not review criminal jury verdicts for inconsistency, contradictions, or irreconcilability. *Beattie v. State*, 924 N.E.2d 643, 649 (Ind.2010). Because the inner workings of juries are unknown, jurors could return inconsistent verdicts for a variety of reasons, such as lenity or compromise. *Id.* at 648–49. Therefore, we assess only whether sufficient evidence exists to support a conviction. *Id.* at 648.

less, testimony indicated McNeill fired a gun in the direction of Sutton and McMillan; Sutton was shot after turning his back to McNeill to follow McMillan; and McNeill and his companions were the only people shooting in Sutton's direction at the time Sutton was shot. This evidence was sufficient to demonstrate McNeill or one of his companions was the source of the bullet that injured Sutton. *See Seketa v. State,* 817 N.E.2d 690, 696 (Ind.Ct.App. 2004) (affirming aggravated battery conviction based on witness testimony and dismissing defendant's argument that evidence was insufficient without DNA, fingerprints, or other physical evidence).

Sufficient evidence exists to support McNeill's aggravated battery conviction, and we accordingly affirm.

Affirmed.

ROBB, J., and VAIDIK, J., concur.