Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**MELINDA K. JACKMAN-HANLIN**
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana



FILED
Dec 14 2012, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

BRIAN TASKEY,                           )
                                        )
    Appellant-Defendant,                )
                                        )
      vs.                             )    No. 67A04-1204-CR-189
                                        )
STATE OF INDIANA,                       )
                                        )
    Appellee-Plaintiff.                 )

APPEAL FROM THE PUTNAM CIRCUIT COURT
The Honorable Charles Bridges, Special Judge
Cause No. 67C01-1011-FD-215

**December 14, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Brian Taskey ("Taskey") was convicted in Putnam Circuit Court of Class D felony battery resulting in bodily injury and Class D felony neglect of a dependent. Taskey appeals his convictions arguing that the State failed to present sufficient evidence to prove that he committed the charged offenses.

We affirm.

**Facts and Procedural History**

On November 1, 2010, the Putnam County Division of the Indiana Department of Child Services ("DCS") received a report that Taskey's five-year-old child, B.E.T., was complaining of back pain and had significant bruising on his back. DCS Investigator Timothy Haltom proceeded to the Taskey residence to investigate the complaint. Taskey initially refused to cooperate, and therefore, Haltom requested assistance from the Sheriff's Department. Eventually, B.E.T.'s Mother convinced Taskey to allow Haltom and the deputies into their home and allowed Haltom to examine B.E.T.

Haltom observed severe bruising on B.E.T.'s back, buttocks, and thighs. Haltom questioned B.E.T. about his injuries, and B.E.T. told Haltom that he was struck by his parents with a belt. B.E.T.'s Mother admitted that she and Taskey struck B.E.T. with a belt to punish him and that she disciplined their other two children in a similar manner. B.E.T.'s Mother stated that when she started whipping B.E.T. with the belt, he refused to stand still. Therefore, she asked Taskey to finish whipping B.E.T. with the belt, and Taskey did so.

While inside the Taskey residence, Haltom and the sheriff's deputies observed dog and human feces on the floor of the home and urine stains on the flooring. B.E.T.'s

2

bedroom smelled of feces, and the multiple deposits of feces on the floor of the room were both dried and wet. B.E.T. had a bare mattress and his sleeping bag and blanket were soiled and foul-smelling. The mattress was also soiled and dirty. B.E.T.'s brothers' bedroom also had feces on the floor and the bare mattress in it was soaked with urine. In Haltom's presence, B.E.T. stood in a corner and openly urinated on the floor. After observing the deplorable condition of the home and B.E.T.'s injuries, Haltom removed the children from the Taskeys.

Shortly thereafter, Taskey was charged with Class D felony battery resulting in bodily injury and Class D felony neglect of a dependent. Taskey waived his right to a jury trial and a bench trial was held on January 13, 2012. Taskey was found guilty as charged, and his sentencing hearing was held on March 20, 2012. The trial court ordered him to serve concurrent three-year terms in the Department of Correction, with one year executed, one year to be served as a direct commitment to Community Corrections, and one year suspended to probation. Taskey now appeals.

**Discussion and Decision**

Taskey argues that the State failed to present sufficient evidence to support both convictions. Upon a challenge to the sufficiency of evidence to support a conviction, we neither reweigh the evidence nor judge the credibility of the witnesses; instead, we respect the exclusive province of the trier of fact to weigh any conflicting evidence. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005). We consider only the probative evidence and reasonable inferences supporting the judgment, and we will affirm if the probative evidence and reasonable inferences drawn from the evidence could have

3

allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. Id.

A. *Battery Resulting in Bodily Injury*

To prove that Taskey committed Class D felony battery resulting in bodily injury, the State was required to present sufficient evidence to establish that Taskey knowingly touched B.E.T., a person under the age of fourteen, in a rude insolent or angry manner. See I.C. § 35-42-2-1(a)(2)(B). Specifically, the State alleged that Taskey beat B.E.T. on his legs, buttocks and back, which resulted in bodily injury. See Appellee's App. p. 1.

Taskey raises two challenges to the sufficiency of the evidence. First, he argues that he was justified in striking B.E.T. because a parent may employ reasonable corporal punishment to discipline a child. In this regard, Indiana Code section 35–41–3–1, provides that: "[a] person is justified in engaging in conduct otherwise prohibited if he has legal authority to do so." "This statute has been interpreted to provide legal authority for a parent to engage in reasonable discipline of her child, even if such conduct would otherwise constitute battery." State v. Fettig, 884 N.E.2d 341, 345 (Ind. Ct. App. 2008).

In Willis v. State, 888 N.E.2d 177 (Ind. 2008), our Supreme Court set forth the requirements for the parental privilege, holding that "[a] parent is privileged to apply such reasonable force or to impose such reasonable confinement upon his [or her] child as he [or she] reasonably believes to be necessary for its proper control, training, or education." 888 N.E.2d at 182 (quoting Restatement of the Law (Second) Torts, § 147(1) (1965)). The following factors are relevant to a court's determination of whether the punishment at issue is reasonable:

(a) whether the actor is a parent;
(b) the age, sex, and physical and mental condition of the child;
(c) the nature of his offense and his apparent motive;
(d) the influence of his example upon other children of the same family or group;
(e) whether the force or confinement is reasonably necessary and appropriate to compel obedience to a proper command;
(f) whether it is disproportionate to the offense, unnecessarily degrading, or likely to cause serious or permanent harm.

Id.

In addition to this non-exhaustive list of factors, the unique facts of a particular case should be considered. Id. In order to convict a parent for battery where parental privilege is asserted, "the State must prove that either: (1) the force the parent used was unreasonable or (2) the parent's belief that such force was necessary to control her child and prevent misconduct was unreasonable." Id.

The photographs admitted at trial establish the severity of the bruising five-year-old B.E.T. sustained after his mother and Taskey beat him with a belt. Ex. Vol., State's Exs. 3, 4, 5, 6, &7. The photographs show multiple bruises on B.E.T.'s back, buttocks and legs. It is difficult to imagine any offense a five-year-old child might commit to warrant such a beating. And Taskey does not describe any offense that B.E.T. committed that would require discipline. For all of these reasons, Taskey's defense of parental discipline privilege fails.

Taskey also argues that the State failed to prove whether B.E.T.'s Mother or Taskey struck B.E.T. hard enough to cause the bruising. The evidence presented at trial established that both B.E.T.'s Mother and Taskey struck B.E.T. with the belt. Specifically, B.E.T.'s Mother could not get B.E.T. to hold still, so Taskey finished

5

"spanking" B.E.T. Both parents participated in battering B.E.T., and the fact that B.E.T.'s Mother first struck B.E.T. with the belt does not render Taskey any less culpable for beating his child. See McNeill v. State, 936 N.E.2d 358, 360 (Ind. Ct. App. 2010) (stating "Indiana law does not distinguish between a principal and one who aids"). We therefore conclude that the evidence is sufficient to support Taskey's Class D felony battery resulting in bodily injury conviction.

B. *Neglect of Dependent*

To prove that Taskey committed Class D felony neglect of a dependent, the State was required to present sufficient evidence to establish that Taskey "having the care of B.E.T., DOB: 05/14/05; N.T., DOB: 4/13/08; and C.N.T., DOB: 07/30/03, dependents, did knowingly place said dependents in a situation that endangered the dependents' life or health, to-wit: living in a home of dog and human feces and urine." Appellee's App. p. 2. See also Ind. Code § 35-46-1-4(a)(1) ("A person having the care of a dependent, whether assumed voluntarily or because of a legal obligation, who knowingly or intentionally [] places the dependent in a situation that endangers the dependent's life or health . . . commits neglect of a dependent, a Class D felony.").

Taskey argues that the evidence is insufficient to support his conviction because "the facts in this case do not support that Taskey was aware of a high probability that Taskey was putting his children in a dangerous situation. The evidence shows nothing more than Taskey was negligent in checking his home for dog and human feces and urine." Appellant's Br. at 7-8.

6

The photographs of the Taskey home admitted at trial demonstrate the deplorable and grossly unsanitary condition of the home. The Taskeys' youngest child was permitted to defecate on the floor of the home and the evidence at trial established that there were multiple deposits of feces in the children's bedrooms. There was also what appeared to be canine feces inside the front door of the home. B.E.T.'s mattress and bedding were soiled and foul-smelling. Haltom also observed B.E.T. openly urinate on the floor of the home. And a mattress in N.T.'s and C.N.T.'s bedroom was soaked with urine. This evidence is sufficient to establish that Taskey knowingly placed the children in a situation that endangered their life or health.

We therefore affirm Taskey's Class D felony battery resulting in bodily injury and Class D felony neglect of a dependent convictions.

Affirmed.

VAIDIK, J., and BARNES, J., concur.