**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 30 2013, 8:52 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JULIANNE L. FOX**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JONATHAN R. SICHTERMANN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DAVID ARNDELL,                         )
                                       )
    Appellant-Defendant,          )
                                       )
      vs.                     )   No.  82A04-1206-CR-333
                                       )
STATE OF INDIANA,                      )
                                       )
    Appellee-Plaintiff.           )

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Robert J. Pigman, Judge
Cause No. 82D02-1203-FB-244

**January 30, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

The defendant, David Arndell, concedes that he possessed stolen property immediately after that property was removed from a smoke shop. He challenges the sufficiency of the evidence regarding his conviction for Theft,[1] a class D felony, and also his twenty-month sentence. Because we find the evidence sufficient and Arndell's sentence appropriate, we affirm the judgment of the trial court.

FACTS

On February 29, 2012, Amit Arora, the owner and operator of Sam's Smoke Shop in Evansville, awoke to what he originally thought were weather-related noises. Arora's residence was located on the floor above his store. After unbolting the door to his residence, Arora telephoned the police department. He looked through an upper window and saw an individual clad in an orange hooded sweatshirt fleeing from the store carrying a box. It was later determined that this box would normally hold thirty cartons of cigarettes, worth approximately $2,000.

After the police arrived at the shop, a canine unit was dispatched. The canine followed the scent trail and a string of discarded cigarette cartons to the front porch of a residence where Arndell and Michael Mullin were removing cartons of cigarettes from a box that was labeled, "Sam's Smoke Shop." Tr. p. 71. Other residents noticed an orange sweatshirt, identified it as Arndell's, and observed that he had been wearing it earlier that evening.

---

[1] Ind. Code § 35-43-4-2.

Arndell was charged under Count I with burglary, a Class B felony, and theft, a class D felony, under Count II. Following a jury trial on May 11, 2012, Arndell was found not guilty of burglary but guilty of theft. Thereafter, Arndell was sentenced to twenty months of incarceration.

Arndell now appeals, challenging the sufficiency of the evidence and the appropriateness of his sentence.

<u>DISCUSSION AND DECISION</u>

<u>I. Sufficiency of Evidence</u>

To convict a defendant of theft, the State must prove beyond a reasonable doubt that the defendant knowingly or intentionally exercised unauthorized control over the property of another person with intent to deprive the other person of any part or value of its use. I.C. § 35-43-4-2.

We note that the facts in this case are strikingly similar to those of <u>Brink v. State</u>, 837 N.E.2d 192 (Ind. Ct. App. 2005), where we determined that the evidence was sufficient to support the defendant's conviction for theft. In <u>Brink</u>, the evidence at trial demonstrated that a witness described what the thief was wearing on the night of the theft, police officers found a trail leading from the crime scene to a location where the defendant was later found, and other evidence confirming that the defendant's clothes matched the description provided by the witness to the thief. <u>Id.</u> at 194.

Here, Arndell is apparently arguing that because he was acquitted of the burglary, he could not be convicted of the theft. Notwithstanding this claim, our Supreme Court

has determined that we will not review verdicts for consistency.  Beattie v. State, 924 N.E.2d 643, 644 (Ind. 2010).  That said, the precise question presented here is whether the evidence was sufficient to convict Arndell of the crime charged.  Our review of the record establishes that Arndell exercised unauthorized control over the property of another.  Thus, the evidence was sufficient.

## II.  Sentence

Arndell challenges the appropriateness of the twenty-month sentence that was imposed following his conviction for theft.  We have the authority to independently review the appropriateness of a sentence that is authorized by statute[2] under Indiana Appellate Rule 7(B).  King v. State, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008).  We may revise a sentence if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender.  Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007).

In support of his claim, Arndell suggests that the trial court erred when considering the nature of circumstances of the offense, in that the offense was committed late at night "from a physical structure that was part of the victim's residence."  Tr. p. 183.  Indeed, Arndell was found not guilty of the burglary charge, so the trial court could not aggravate Arndell's sentence on the basis that the offense was committed from the

---

[2] Indiana Code section 35-50-2-7 provides that the sentencing range for a class D felony is between six months and three years, with an advisory sentence of one-and-one-half years.

4

victim's residence.[3]  Moreover, a material element of a crime may not be used as an aggravating factor.  McElroy v. State, 865 N.E.2d 584, 589 (Ind. 2007).

Arndell also argues that the lack of felony convictions should have resulted in a lesser sentence.  However, Arndell does not challenge the trial court's finding that he has four prior misdemeanor convictions.  And Indiana Code section 35-38-1-7.1(b)(6) provides for mitigation when "[t]he person has no history of delinquency or criminal activity. . . ."  (Emphasis added).  That said, when considering Arndell's character, his prior criminal convictions—although misdemeanors—support the imposition of the twenty-month sentence because they indicate that he has no regard for the law, and continues to reoffend.  As a result, Arndell has failed to show that his sentence is inappropriate.

The judgment of the trial court is affirmed.

RILEY, J., concurs.

BARNES, J., concurs in result.

---

[3] Indiana Code section 35-43-2-1 provides that "a person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony."