## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 14 2017, 8:27 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael C. Borschel
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Walter White,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

August 14, 2017

Court of Appeals Case No.
49A05-1701-CR-85

Appeal from the Marion Superior Court

The Honorable Grant W. Hawkins, Judge

Trial Court Cause No.
49G05-1511-F2-39758

**Barnes, Judge.**

## Case Summary

[1] Walter White appeals his conviction for Level 2 felony kidnapping. We affirm.

# Issues

White raises two issues, which we restate as:

    I.      whether the trial court properly admitted evidence regarding a show-up identification; and

    II.     whether the evidence is sufficient to sustain White's conviction.

# Facts

On November 5, 2015, Alan Becker was leaving a CVS store in Lawrence and walking toward his vehicle. He was approached by an African American male wearing dark pants, a dark hoodie, and a bandanna over his mouth. The man said, "I'm going to put a cap in your head if you don't take me to the ATM over there and withdraw $2,000." Tr. p. 109. The man was extending his arm toward Becker and "holding his hand out sideways with his hand on top and in his hand was something that was cylindrical, sort of looked like the shape of a gun but it was covered" by a sock or other similar material. *Id.* at 110. Becker tried to quickly get in his vehicle to get away, but the man jumped into the backseat behind Becker. Becker put the vehicle into gear, "tromped on the accelerator," and did a "360 degree turn," which threw the man against the door. *Id.* at 114. Becker was then able to stop in front of the adjacent Marsh store, put the vehicle in park, and jump out. Becker yelled for help, and an off-duty officer assisted him. The suspect then ran away.

[4] Officer Matthew Brandenburg with the Lawrence Police Department received a dispatch regarding an armed robbery by a "[b]lack male with scarf or hoodie, dark clothing" and then received additional information that the suspect was seen running east across Oaklandon Road. *Id.* at 85. Officer Brandenburg headed that direction, stopped at the St. Simon school, and scanned the area with his spotlight. He saw White "laying face down near the goal line" on the football field. *Id.* Officer Brandenburg apprehended White, and Officer Dustin VanTreese brought Becker to the scene. Officer VanTreese shined his spotlight on White, and Becker said White was the same height, same build, and had the same clothes as the suspect, but he could not identify White as the suspect because the suspect had been wearing a mask or bandanna. At that point an officer pulled out a bandanna from White's collar and "pulled it up over" White's face, and Becker identified White as the man that he encountered in the CVS parking lot. *Id.* at 22. Officers were unable to locate a gun on White or in the area. Detective Bruce Wright interviewed White at the police station. After being read his *Miranda* rights, White told Detective Wright that he had been at the CVS and that he had an interaction with Becker. He denied that he had threatened Becker.

[5] The State charged White with Count I, Level 2 felony kidnapping; Count II, Level 3 felony kidnapping; Count III, Level 3 felony attempted armed robbery; and Count IV, Class A misdemeanor resisting law enforcement. White filed a motion to suppress the show-up identification, which the trial court denied. At the jury trial, White objected to the admission of the show-up identification.

The jury found White guilty of Count I and Count II and not guilty of Count III and Count IV. Due to double jeopardy concerns, the verdict for Count II was merged with Count I, and White was only sentenced on Count I. The trial court sentenced him to twenty-four years in the Department of Correction. White now appeals.

## Analysis

### I. Show-up Identification

[6] White challenges the admission of the show-up identification. The admission of evidence is within the sound discretion of the trial court, and we review the trial court's decision only for an abuse of that discretion. *Rasnick v. State*, 2 N.E.3d 17, 23 (Ind. Ct. App. 2013), *trans. denied*. The trial court abuses its discretion only if its decision is clearly against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Id.*

[7] "The Fourteenth Amendment's guarantee of due process of law requires the suppression of evidence when the procedure used during a pretrial identification is impermissibly suggestive." *Id.* "In some circumstances, a show-up identification 'may be so unnecessarily suggestive and so conducive to irreparable mistake as to constitute a violation of due process.'" *Id.* (quoting *Hubbell v. State*, 754 N.E.2d 884, 892 (Ind. 2001)). In reviewing challenges to show-up identifications, we examine the totality of the circumstances surrounding the identification, including:

(1) the opportunity of the witness to view the offender at the time of the crime; (2) the witness's degree of attention while observing the offender; (3) the accuracy of the witness's prior description of the offender; (4) the level of certainty demonstrated by the witness at the identification; and (5) the length of time between the crime and the identification.

*Id.*

[8] We need not address White's argument regarding the admission of the show-up identification because any error in the admission was harmless. "An error is harmless if there is 'substantial independent evidence of guilt satisfying the reviewing court there is no substantial likelihood the challenged evidence contributed to the conviction.'" *Id.* at 26 (quoting *Turner v. State*, 953 N.E.2d 1039, 1059 (Ind. 2011)); *see also* Ind. Trial Rule 61. In general, we disregard errors in the admission of evidence unless they affect the substantial rights of a party. *Rasnick,* 2 N.E.3d at 26.

[9] The admission of the show-up identification evidence relates to the identification of the perpetrator. However, White admitted that he had been in the CVS parking lot and that he had an interaction with Becker. Consequently, identity was not at issue in the case. The only question was whether White had threatened and kidnapped Becker. Any error in the admission of the show-up identification did not affect White's substantial rights and was harmless.

## II. Sufficiency of the Evidence

[10] White challenges the sufficiency of the evidence to support his conviction. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id.*

[11] White argues that his guilty verdict for Level 3 felony kidnapping was inconsistent with the jury's not guilty verdict for Level 3 felony attempted armed robbery. First, we note that the trial court "merge[d]" the Level 3 felony kidnapping verdict and did not enter a sentence on that guilty verdict. Tr. p. 237. Moreover, our supreme court has held that "[j]ury verdicts in criminal cases are not subject to appellate review on grounds that they are inconsistent, contradictory, or irreconcilable." *Beattie v. State*, 924 N.E.2d 643, 649 (Ind. 2010). Consequently, White's argument is not subject to appellate review.

[12] To the extent White argues that his conviction for Level 2 felony kidnapping is not supported by the evidence, we disagree. Indiana Code Section 35-42-3-2(a) provides: "A person who knowingly or intentionally removes another person, by fraud, enticement, force, or threat of force, from one place to another commits kidnapping." The offense is a Level 2 felony if it is committed while hijacking a vehicle. Ind. Code § 35-42-3-2(b)(3)(B). The State alleged that

White "did, while hijacking a vehicle, to-wit: a 2006 Honda Pilot automobile, knowingly remove Alan Becker by force or threat of force from one place to another."[1]  Appellant's App. Vol. II p. 94.

[13]  The State presented evidence that White approached Becker in the CVS parking lot and said, "I'm going to put a cap in your head if you don't take me to the ATM over there and withdraw $2,000." Tr. p. 109.  White was extending his arm toward Becker and "holding his hand out sideways with his hand on top and in his hand was something that was cylindrical, sort of looked like the shape of a gun but it was covered" by a sock or other similar material.  *Id.* at 110.  Becker jumped into his vehicle, but White got into the backseat behind Becker.  Becker then drove quickly in a circle and threw White against the door.  Becker was able to stop in front of the adjacent Marsh store, get out of the vehicle, and obtain help.  The evidence is sufficient to show that White knowingly, while hijacking a vehicle, removed Becker from one place to another by force or threat of force.  The evidence is sufficient to sustain White's conviction for Level 2 felony kidnapping.

## Conclusion

[14]  Any error in the admission of the show-up identification was harmless, and the evidence is sufficient to sustain White's conviction.  We affirm.

---

[1] In his appellant's brief, White relies on an earlier version of the charging information.  However, the State points out that the charging information was later amended.  In his reply brief, White acknowledges his mistake.

[15]     Affirmed.

Baker, J., and Crone, J., concur.