## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 10 2018, 10:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nathaniel Smith,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 10, 2018<br><br>Court of Appeals Case No.<br>02A03-1710-CR-2522<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Wendy W. Davis, Judge<br><br>Trial Court Cause No.<br>02D04-1702-F6-204 |

**Bradford, Judge.**

# Case Summary

[1] On February 20, 2017, Appellant-Defendant Nathaniel Smith was involved in a domestic incident with his then-girlfriend. He was subsequently charged with Level 6 felony domestic battery and Class A misdemeanor interference with the reporting of a crime. Following a jury trial, Smith was acquitted of the domestic battery charge but found guilty of Class A misdemeanor interference with the reporting of a crime. In challenging his conviction on appeal, Smith contends that the jury could not find him guilty of the offense because it acquitted him of the underlying domestic battery charge. Alternatively, Smith contends that the evidence is insufficient to sustain his conviction. Concluding otherwise, we affirm.

# Facts and Procedural History

[2] As of February 20, 2017, Smith and Danielle Craft had been engaged in a romantic relationship for about three years and lived together in a home with Craft's eleven-year-old daughter. At some point that day, Craft repeatedly attempted to contact Smith via his cellular phone. Craft became suspicious when Smith did not answer her calls and later accused him of cheating on her. After Craft levied accusations of cheating, Smith indicated via text message that he was moving out of their shared residence.

[3] Later that evening, as Smith was collecting his belongings from the couple's shared bedroom, Craft stood in the doorway to the room, trapping Smith

inside.  She indicated that she would not move until Smith agreed to talk to her.  Smith repeatedly asked Craft to move.  When she refused, Smith "pushed [her] out [of] the way and got out."  Tr. Vol. II, p. 166.  Craft then ran upstairs to grab her daughter's cellular phone and called 911.  When Craft informed Smith that she was calling 911, Smith "snatched" the phone out of her hands and threw it away from her.  Tr. Vol. II, p. 168.  After that, Craft and her daughter left the residence and went to a neighbor's home.

[4]  When police eventually arrived at the residence, officers observed red marks on Craft's neck and arms.  Officers also observed that Smith's left hand was bandaged and that he had cuts on his right hand.  In light of the officers' observations coupled with the statements made by Smith, Craft, and Craft's daughter, Smith was placed under arrest.

[5]  On February 23, 2017, Appellee-Plaintiff the State of Indiana ("the State") charged Smith with one count of Level 6 felony domestic battery and one count of Class A misdemeanor interference with the reporting of a crime.  A two-day jury trial was conducted on September 21 and 22, 2017.  Following trial, the jury acquitted Smith of the domestic battery charge but found him guilty of Class A misdemeanor interference with the reporting of a crime.  Smith was subsequently sentenced to one year in jail.  This appeal follows.

# Discussion and Decision

[6] On appeal, Smith contends that the jury could not find him guilty of Class A misdemeanor interference with the reporting of a crime because it found him not guilty of the underlying domestic battery charge. Alternatively, Smith contends that the evidence is insufficient to sustain his conviction. We disagree with both contentions.

## I. Whether the Jury Could Find Smith Guilty of Class A Misdemeanor Interference with the Reporting of a Crime

[7] In contending that the jury could not find him guilty of Class A misdemeanor interference with the reporting of a crime, Smith argues that "[w]ithout an underlying crime, there is no crime to conceal, there can be no intent to conceal, and one cannot interfere with the reporting of a crime." Appellant's Br. p. 15. Although the jury ultimately acquitted Smith of the underlying domestic battery charge, we disagree that the jury could not also convict him of the crime of interfering with the reporting of a crime.

[8] To convict Smith of Level 6 felony domestic battery, the jury was required to find that Smith touched Craft in a rude, insolent, or angry manner while in the presence of a child. Ind. Code § 35-42-2-1.3. To convict him of interference with the reporting of a crime, the jury was required to find that Smith, "with the intent to commit, conceal, or aid in the commission of a crime, knowingly or intentionally" interfered with Craft's use of the 911 emergency telephone system. Ind. Code § 35-45-2-5. As a plain reading of Indiana Code section 35-45-2-5 demonstrates, a defendant need only *intend* to commit, conceal, or aid in the commission of the crime when interfering with the reporting of it. We fail

to see how Smith's acquittal on the domestic battery charge negates any element of the charge of interfering with the reporting of a crime, as it is immaterial to the interference conviction that no underlying crime actually occurred, so long as the evidence supports a finding of *intent* to commit, conceal, or aid in the commission of a crime. Further, to the extent that such verdicts could be considered inconsistent with one another, the Indiana Supreme Court has concluded that "[j]ury verdicts in criminal cases are not subject to appellate review on the grounds that they are inconsistent, contradictory, or irreconcilable." *Beattie v. State*, 924 N.E.2d 643, 648 (Ind. 2010).

## II. Whether the Evidence is Sufficient to Sustain Smith's Conviction

[9] Smith alternatively contends that the evidence is insufficient to sustain his conviction. Specifically, Smith argues that because Craft had previously threatened to call 911 but had never done so, he had no reason to believe that Craft would actually call 911 during the altercation in question.

[10] When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a

reasonable doubt.  It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence.  The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted).  "In essence, we assess only whether the verdict *could* be reached based on reasonable inferences that may be drawn from the evidence presented."  *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012) (emphasis in original).  Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses.  *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

[11] In order to prove that Smith committed Class A misdemeanor interference with the reporting of a crime, the State was required that prove that he, with the intent to commit, conceal, or aid in the commission of a crime, knowingly or intentionally interfered with or prevented Craft from using a 911 emergency telephone system.  *See* Ind. Code § 35-45-2-5.  The evidence most favorable to the jury's verdict demonstrates that Craft told Smith that she was calling 911 and that after Craft did so, Smith "snatched" the phone from her hands and threw it away from her.  Tr. Vol. II, p. 168.  In addition, Smith admitted to a responding officer that he "broke a phone" during the altercation with Craft.  Tr. Vol. II, p. 225.  Upon review, we conclude that this evidence is sufficient to prove that Smith knowingly or intentionally interfered with Craft's attempt to call 911 with the intent to commit, conceal, or aid the commission of a crime.

Smith's contention to the contrary amounts to an invitation to reweigh the evidence, which we will not do. *See Stewart*, 768 N.E.2d at 435.

[12] The judgment of the trial court is affirmed.

Baker, J., and Kirsch, J., concur.