## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 30 2019, 10:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alexander L. Hoover
Law Office of
Christopher G. Walter, P.C.
Nappanee, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Andrew D. Rodgers, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | December 30, 2019 <br><br> Court of Appeals Case No. 19A-CR-1331 <br><br> Appeal from the Elkhart Circuit Court <br><br> The Honorable Michael A. Christofeno, Judge <br><br> Trial Court Cause No. 20C01-1705-F4-21 |

**Baker, Judge.**

Andrew Rodgers appeals his conviction for Level 6 Felony Maintaining a Common Nuisance,[1] arguing that the evidence is insufficient. Finding the evidence sufficient, we affirm.

## Facts

In the spring of 2017, undercover Elkhart City Police Officer UC 382 was conducting an investigation that led them[2] to 1702 Prairie Street. During the investigation, UC 382 and other officers observed two types of traffic in and out of the residence:

> There was one gentleman [later identified as Rodgers] that would always come up, and you could tell that he was keying into the door, unlocking it; and when he would leave, he would turn around and make a motion like he was locking the door. The other type of traffic . . . [was] people coming up to the door and almost knocking and standing, like they were waiting for someone inside to come let them in, like they didn't have ownership in [the] home, they were just visiting. And [the officers] saw quite a bit of that traffic that would come and go pretty quickly.

Tr. Vol. II p. 201-02. The visits were "very short," lasting from two to ten minutes. *Id.* at 202.

---

[1] Ind. Code § 35-45-1-5(c).

[2] The name and gender of UC 382 remain confidential.

[3] On May 12, 2017, UC 382 and other officers executed a search warrant of 1702 Prairie Street. Rodgers was one of two people found inside. He was in his bedroom, which was upstairs in the residence. He had two cell phones in his pocket and a third cell phone near the bed. Near the foot of the bed, the officers found a green tote that contained, among other things, a marijuana grinder with a "green residue or plant-like residue or broken down leafy residue" and a box of sandwich baggies. *Id.* at 80. On or near the floor, the officers found a baggie corner. Testing later revealed that the baggie corner contained residue of Pentylone, commonly referred to as "bath salts." *Id.* at 158.

[4] The officers also found a plastic shopping bag "full of discarded sandwich bags with at least one to two missing corners" near the bedroom door. *Id.* at 81.[3] Several of these baggies contained a white residue, which testing later revealed to be cocaine residue. Additionally, the officers found Swisher Sweet wrappers and cigarillo wrappers mixed up with an "organic-looking," "plant-like material." *Id.* at 85. The officers determined that this material was consistent with the innards of cigarillos that had been extracted and not burned. The officers also found a small yellow bag containing a green leafy substance, which the officers determined to be marijuana based upon the substance's visual appearance and odor.

---

[3] The State introduced evidence showing that baggie corners are common tools used to package illegal drugs. Tr. Vol. II p. 80-81, 119.

On May 17, 2017, the State charged Rodgers with multiple felonies, which it later amended to the following charges: Level 6 felony possession of cocaine, Level 6 felony maintaining a common nuisance, and Class B misdemeanor possession of marijuana. Following a jury trial, the jury found Rodgers guilty of maintaining a common nuisance and not guilty of the other two charges. On May 16, 2019, the trial court sentenced Rodgers to a fully suspended sentence of two and one-half years. Rodgers now appeals.

## Discussion and Decision

Rodgers's sole argument on appeal is that the evidence is insufficient to support his conviction. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the conviction and will neither assess witness credibility nor reweigh the evidence. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We will affirm unless no reasonable factfinder could find the elements of the crime proved beyond a reasonable doubt. *Id.*

To convict Rodgers of Level 6 felony maintaining a common nuisance, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally maintained a building, structure, vehicle, or other place that was used to unlawfully use, manufacture, keep, offer for sale, sell, deliver, or finance the delivery of a controlled substance or an item of drug paraphernalia. I.C. § 35-45-1-5(c). Rodgers does not dispute that the bedroom belonged to him

or that he acted with the requisite intent. Instead, he challenges the evidence demonstrating that his bedroom met the definition of a common nuisance.

[8]     The State presented the following evidence regarding items found in Rodgers's bedroom:

- Officers found forty to forty-five baggies missing at least one corner; some of the baggies were missing two corners. Given the evidence that baggie corners are common tools used to package illegal drugs, those missing corners imply that the baggies had been used to package between forty to ninety units of illegal drugs.
- Officers found a marijuana grinder (containing a green, plant-like substance), empty cigarillo boxes, empty Swisher Sweet and cigarillo wrappers, and discarded tobacco. It is common for people to buy Swisher Sweets, cut them open, remove the tobacco, and pack them with the drug of choice. Tr. Vol. II p. 85.
- Officers found multiple baggies, some of which bore a white residue, later revealed to be cocaine.
- Officers found a baggie corner containing Pentylone—*i.e.*, bath salts—residue.
- Officers found a baggie containing what they determined to be marijuana based on its appearance and odor.
- Officers observed multiple people coming to Rodgers's house to make brief visits lasting from two to ten minutes. While a single short visit "doesn't mean a whole lot," when it occurs "systematically over the course of several days," it is a "sign of drug activity or drug distribution coming and going from that home." *Id.* at 202.
- Rodgers had two cell phones in his pocket and a third by his bed. The State presented evidence that drug dealers often use multiple cell phones, as opposed to law-abiding citizens, who would typically maintain only one cell phone.

We find that the evidence showing the presence of drug residue, drug paraphernalia, and indices of drug dealing and distribution is sufficient to allow

a reasonable juror to infer that Rodgers was using his bedroom to use, manufacture, keep, offer for sale, sell, deliver, or finance the delivery of a controlled substance or an item of drug paraphernalia. *See Davis v. State*, 791 N.E.2d 266, 270 (Ind. Ct. App. 2003) (holding that convictions may be sustained based on circumstantial evidence alone if the evidence supports a reasonable inference of guilt).

[9] Rodgers seems to suggest that because the jury found him not guilty of possession of cocaine and marijuana, it is inconsistent that the jury found him guilty of maintaining a common nuisance. But it is well established that "inconsistent verdicts are permissible and not subject to appellate review[.]" *Beattie v. State*, 924 N.E.2d 643, 644 (Ind. 2010). Therefore, this argument is unavailing.

[10] We find the evidence sufficient to support Rodgers's conviction for Level 6 felony maintaining a common nuisance.

[11] The judgment of the trial court is affirmed.

Riley, J., and Brown, J., concur.