## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 21 2020, 9:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David M. Payne
Ryan & Payne
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

A.L.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner.*

January 21, 2020

Court of Appeals Case No.
19A-JV-1629

Appeal from the Grant Superior Court

The Honorable Dana J. Kenworthy, Judge

Trial Court Cause No.
27D02-1905-JD-47

**Barteau, Senior Judge.**

# Statement of the Case

A.L. appeals the juvenile court's determination that she is a juvenile delinquent for an act that, if committed by an adult, would constitute disorderly conduct, a Class B misdemeanor. We affirm.

# Issue

A.L. raises one issue, which we restate as: whether the State presented sufficient evidence to rebut her claim of self-defense.

# Facts and Procedural History

On the night of May 17, 2018, Rebecca Wesling, A.L., D.M., and others were at Cody Roberts' apartment in Gas City, Indiana. Wesling and others prepared to leave. D.M., who was Wesling's ex-boyfriend, said "make sure you take that bitch, directing towards [Wesling], with you." Tr. p. 10. Wesling responded to D.M.'s insult. A.L. approached Wesling and struck her.

Wesling left the building, but A.L. and D.M. followed her to her car. A.L. struck Wesling again, and Wesling "started to defend [her]self." *Id.* at 11. The fight ended, and Wesling left.

On May 18, 2018, Wesling arrived at the Gas City Police Department to complain that A.L. had attacked her. While she was there, she displayed signs of medical distress and was transported to a hospital. Wesling returned to the department the next day to complete her statement. She had bruises on her face.

[6] Wesling later saw a post on one of A.L.'s social media accounts. In the post, A.L. stated she attacked Wesling because Wesling was "running her mouth." *Id*. at 14. A.L. threatened to "beat" Wesling again. *Id.* at 15.

[7] On May 28, 2019, the State filed a delinquency petition, claiming A.L. was a delinquent child for acts that, if committed by an adult, would amount to battery resulting in bodily injury, a Class A misdemeanor (Count I), and disorderly conduct (fighting), a Class B misdemeanor (Count II).

[8] The juvenile court held an initial hearing on May 29, 2019, and A.L. denied the allegations in the State's petition. The court scheduled an evidentiary hearing for June 17, 2019.

[9] The court held the hearing as scheduled. At the end of the hearing, the court stated, "I can't find that you committed the act of battery. But, I am going to find that you committed disorderly conduct – fighting." *Id.* at 38. The court further explained as to the allegation of battery that there was "enough uncertainty" about the circumstances. *Id.* at 43. Next, the court placed A.L. on probation for six months for the juvenile adjudication on Count II. On June 24, 2019, the court issued a fact-finding order and a dispositional order setting forth the court's decisions. This appeal followed.

## Discussion and Conclusion

[10] A.L. argues there is insufficient evidence to sustain the juvenile court's determination that she was a juvenile delinquent for committing an act of disorderly conduct. "A child commits a delinquent act if, before becoming

eighteen (18) years of age, the child commits an act that would be an offense if committed by an adult, . . . ." Ind. Code § 31-37-1-2 (1997). In this case, the State claimed A.L. had committed the act of disorderly conduct, a Class B misdemeanor. The General Assembly has provided the following definition, in relevant part: "A person who recklessly, knowingly, or intentionally . . . engages in fighting or in tumultuous conduct . . . commits disorderly conduct, a Class B misdemeanor." Ind. Code § 35-45-1-3(a) (2014).

[11] A.L. does not dispute that her conduct fulfilled the elements of disorderly conduct. She instead argues the State failed to disprove her claim of self-defense. A valid claim of self-defense is legal justification for an otherwise unlawful act. *McCullough v. State*, 985 N.E.2d 1135, 1138 (Ind. Ct. App. 2013), *trans. denied*. The General Assembly has explained:

> (c) A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force. However, a person:
>
> (1) is justified in using deadly force; and
>
> (2) does not have a duty to retreat;
>
> if the person reasonably believes that that force is necessary to prevent serious bodily injury to the person or a third person or the commission of a forcible felony. No person, employer, or estate of a person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting the person or a third person by reasonable means necessary.

Ind. Code § 35-41-3-2(c) (2019).

[12] The Assembly further provided, "a person is not justified in using force if . . . the person has entered into combat with another person or is the initial aggressor unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action." Ind. Code § 35-41-3-2(g).

[13] The Indiana Supreme Court has explained that in order to prevail upon a claim of self-defense, "the defendant must show that he: (1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm." *Wilson v. State*, 770 N.E.2d 799, 800 (Ind. 2002). Once a person claims self-defense, the State bears the burden of disproving at least one of these elements beyond a reasonable doubt. *McCullough*, 985 N.E.2d at 1138. The State may meet this burden by rebutting the defense directly, by affirmatively showing the person did not act in self-defense, or by relying upon the sufficiency of its evidence in chief. *Id.*

[14] The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. *Wilson*, 770 N.E.2d at 801. We neither reweigh the evidence nor judge the credibility of witnesses. *Id.* If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. *Id.*

At the fact-finding hearing, Wesling testified that A.L. struck her inside the apartment. She further explained that A.L. struck her again outside the apartment, provoking Wesling into fighting back. Wesling also read to the court one of A.L.'s social media posts, in which A.L. stated she attacked Wesling because of something Wesling had said. A.L. further threatened to attack Wesling again. This evidence is sufficient to establish beyond a reasonable doubt that A.L. instigated the fight with Wesling. As a result, the State successfully disproved A.L.'s claim of self-defense. A.L. points to other evidence indicating that Wesling attacked her first, but A.L. is asking the Court to reweigh the evidence, which our standard of review forbids.

A.L. further argues the juvenile court had "accepted self-defense" in declining to determine that A.L. had committed an act of battery and should have also accepted her defense as to the allegation of disorderly conduct. She further argues the trial court's split decision "makes no sense." Appellant's Br. p. 13.

With respect to the battery allegation, we cannot agree that the juvenile court accepted A.L.'s claim of self-defense. The court instead merely stated there was "uncertainty" about the facts. Tr. p. 43. In any event, if A.L. is arguing that the court's different determinations on Counts I and II are erroneously inconsistent, the Indiana Supreme Court has explained, in the context of jury verdicts in criminal cases, that a finder of fact's judgments "are not subject to appellate review on grounds that they are inconsistent, contradictory, or irreconcilable." *Beattie v. State*, 924 N.E.2d 643, 649 (Ind. 2010). "A jury's right to exercise lenity is an important component of our criminal justice

system." *Id.* at 648-49. Applying the reasoning in *Beattie* to the fact-finder's decision in this case, we will not examine the possible reasons for the juvenile court's differing decisions on Count I and Count II.

# Conclusion

[18] For the reasons stated above, we affirm the judgment of the juvenile court.

[19] Affirmed.

Baker, J., and Bailey, J., concur.